[Crim. No. 4033.   In Bank.—November 19, 1936. ]

THE PEOPLE, Respondent, v. SAMUEL BARWICK, Appellant.

Gladys Towles Root, F. M. Whichello and Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

698

EDMONDS, J., *pro tem.*—The defendant appeals from a judgment of conviction for perjury and also from an order denying a new trial, relying principally upon the asserted error of the trial court in refusing to give him time to plead to an amended information charging a prior conviction of a felony.

The appellant pleaded not guilty to an information charging him with the crime of perjury. When the case came on for trial the district attorney presented an amended information alleging the prior conviction "of the crime of possession of a still, a felony". Appellant asked time to file a demurrer to the information as amended, and also asked for a continuance of the trial. Each of these requests was refused, but with the statement from the trial judge that if the district attorney proved the prior conviction, there might then be ground for a continuance. The appellant denied the prior conviction and the trial proceeded before a jury which found the appellant guilty of perjury and the allegation of prior conviction of a felony to be true.

█ Section 969a of the Penal Code provides: "Whenever it shall be discovered that a pending . . . information does not charge all prior felonies of which the defendant has been convicted . . . said information . . . shall be forthwith amended to charge such prior conviction or convictions . . . " The purpose of this statute is plain. It requires not only an amendment forthwith, but also by a further provision that "defendant shall promptly be rearraigned on such information . . . as amended and be required to plead thereto."

Appellant takes the position that such rearraignment places a defendant in the same position as when he is arraigned upon an original information and entitles him to the time fixed by section 990 of the Penal Code, to answer it. But the appellant when rearraigned had answered the information by pleading "not guilty". The rearraignment could serve no purpose other than to fix the time when "he must be asked whether he has suffered such prior conviction" (sec. 1025, Pen. Code), and he was not entitled as a matter of right to a continuance.

█ However, the procedure authorized by the sections cited is subject to the general rule that a court should

always continue the trial of a case upon a sufficient showing and that it may not arbitrarily refuse to grant a motion therefor. In overruling appellant's motion for time to demur and his motion for a continuance, the trial judge stated that he would entertain a further application for a continuance if the facts developed warranted it. Not only was no later request made but appellant took the stand and admitted the facts in connection with his previous conviction. It therefore appears that he was not prejudiced by being required to answer forthwith.

Appellant also challenges the effect of his prior conviction. It appears that in October, 1931, he pleaded guilty to the crime of possession of a still. (Stats. 1927, p. 497.) Thereupon the proceedings were suspended and appellant was placed on probation for two years upon condition that he serve the first six months of his probationary term in the county jail. Appellant served the required time and also complied with the other conditions of his probation. However, section 1203.4, Penal Code, provides that where one has been convicted and has been granted probation, "in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed".

A further point made by appellant in this connection is that after his conviction the statute making it a crime to possess a still was repealed by an act providing that the repeal "shall constitute a bar to the indictment or information and punishment of any criminal offense heretofore committed" in violation thereof. (Stats. 1933, p. 2093.) But it appears that the judgment of conviction became final before the repeal of the statute.

In the case of *Hosier* v. *Aderhold,* 71 Fed. (2d) 422, the petitioner sought to be released from the custody of the warden of Atlanta penitentiary, to which he had been committed after conviction upon an indictment charging violation of the National Prohibition Act. At the time of his commitment the judgment against him had become final. Subsequently the eighteenth article of the Amendments of the Constitution of the United States was repealed and petitioner claimed that upon such repeal all lawful au-

thority to keep him in prison came to an end. The court held that the repeal could not apply retroactively to a case where a valid judgment had been entered and had become final before the repeal. See, also, *In re Kline*, 70 Ohio St. 25 [70 N. E. 511, 1 Ann. Cas. 219]. The same principle was recognized in *City of Sonora* v. *Curtin*, 137 Cal. 583, 589 [70 Pac. 674], where this court pointed out that upon the repeal of an ordinance it "must be regarded as if it never existed, except for the purposes of those actions which were commenced, prosecuted, and concluded while it was an existing law". This is the general rule.

In *McCullough* v. *Virginia*, 172 U. S. 102, at pp. 123, 124 [19 Sup. Ct. 134, 43 L. Ed. 382], the court said: "It is not within the power of a legislature to take away rights which have been once vested by a judgment. Legislation may act on subsequent proceedings, may abate actions pending, but when those actions have passed into judgment the power of the legislature to disturb the rights created thereby, ceases." Ruling Case Law, volume 25, page 941, paragraph 194, in dealing with criminal statutes, states: "After final judgment has been rendered and sentence pronounced, the power of the court over the subject-matter is at an end and all that remains to be done is the mere ministerial act of doing execution, and the repeal of the law under which a defendant has been convicted will not arrest the execution of the sentence." And it has been held that where one has been convicted of a felony and thereafter pardoned, he may, nevertheless, be afterward charged with such prior conviction. (*State* v. *Edelstein*, 146 Wash. 221 [262 Pac. 622].) It is therefore clear that the appellant was properly charged with having suffered a prior conviction of a felony.

Appellant also contends that the evidence is insufficient to support the verdict of conviction of the crime of perjury. He was charged with falsely testifying at the trial of his son, who was being prosecuted on a charge of grand theft and for a violation of section 503 of the California Vehicle Act. Appellant at that time testified that the son was in Quartzite, Arizona, "not later than 8 o'clock a. m. on the 25th of September". At the trial of appellant evidence was introduced showing that the automobile was missed from a residence in Los Angeles on the morning of

September 25th and that later the same day appellant's son was found with it in Los Angeles. This evidence was in direct conflict with the testimony of appellant given in behalf of his son, but it was believed by the jury and this court is bound by the verdict.

Appellant complains that certain instructions offered by him were refused and that certain others were given to the jury. We find no merit in this point. The jury was fully and correctly instructed concerning the law.

The judgment is affirmed; the order is affirmed.

Shenk, J., Thompson, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.