[Crim. No. 422.   Fourth Appellate District.—August 17, 1937.]

THE PEOPLE, Respondent, v. FRANCIS MAJADO, Appellant.

J. Dean La Motte for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Thomas Whelan, District Attorney, and Harold P. Curtis, Deputy District Attorney, for Respondent.

BARNARD, P. J.—The defendant was found guilty, under section 270 of the Penal Code, of failure to provide for a minor child. He was sentenced to two years in a county industrial road camp, which was suspended on condition that he pay $12.50 per month for the support of the child, and this appeal followed.

The only question raised is whether the court erred in admitting in evidence the record of appellant's former conviction of a similar offense in connection with the same child, and in sustaining an objection to the appellant's offer to deny that he was the father of the child. It appears that the appellant was on March 8, 1935, convicted on a charge of failing to provide for this child and that he was granted probation on condition that he pay the sum of $15 per month. He complied with the terms of his probation during its two-year period and was then permitted to change his plea, under the provisions of section 1203.4 of the Penal Code, and the information was dismissed. Immediately thereafter he ceased to make payments for the support of the child and this proceeding was instituted. At the trial the complete record of the former case was admitted in evidence over the objection of the appellant. It was stipulated that the mother of the child would testify that the appellant is the father. The appellant offered to testify that he was not the father of the .child and an objection thereto was sustained.

The real question presented is whether a conviction and judgment on a charge of failing to provide for an illegitimate child is conclusive on the issue of parentage and prevents the defendant from having the same issue retried in a subsequent prosecution on a similar charge in the same court and between the same parties, when the information in the first action has been dismissed after satisfactory completion of probation.

It is respondent's position that conviction in the first action judicially determined this issue of parentage and that the judgment therein is conclusive on that issue in this action.

The appellant concedes that this judgment would have been conclusive here if that proceeding had not been dismissed, but argues that the dismissal wiped out the prior conviction and judgment, that the same cannot be considered for any purpose except as a "prior" in case of a subsequent conviction of a felony, and that this case involves neither a felony nor the habitual criminal statutes. The solution of the question depends upon the meaning and effect of section 1203.4 of the Penal Code, which provides for a change of plea and dismissal of the accusation after the satisfactory completion of a period of probation. That section then provides that the defendant in such an action "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted". The concluding portion of the section reads as follows: "provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed".

The general purpose of this provision for the dismissal of an accusation is to relieve from further punishment, and restore rights to, one whose probation has resulted in his reformation. The concluding portion of the section, as pointed out in *People* v. *Hainline,* 219 Cal. 532 [28 Pac. (2d) 16], "strips them of all the privileges and rights which were restored to them by the provisions of the original act" and "provides that if the probationer commits a second offense he shall forfeit all the rights with which he was clothed at the time the court ordered the information dismissed". In practical effect the concluding portion of the section wipes out the benefits conferred by the dismissal in the event it develops the main purpose of the probation has failed and another offense is committed. The argument that in any subsequent prosecution the first conviction may be proved only as a basis for additional punishment under the habitual criminal statutes is not supported by the language of the statute, which plainly states that the former conviction when proved shall have the same effect as if the information had not been dismissed.

Any benefit from the dismissal is wiped out by a subsequent conviction of a felony (*People* v. *Hainline, supra*), but we think the effect of the statute is not limited to a situa-

tion where a subsequent conviction of a felony has first been obtained. By its terms the statute applies not merely to a felony but to any subsequent prosecution for any other "offense". Further, it does not provide that the former conviction is not to have a restored effect until after a subsequent conviction is obtained. It is specifically provided that in any subsequent "prosecution" the prior conviction may be "pleaded and proved and shall have the same effect" as if the former accusation had not been dismissed. If this former action had not been dismissed the record of conviction could have been used here and would have been conclusive on the fact of parentage necessarily determined thereby. To fail to give it that effect in an identically similar action between the same parties, involving the same basic fact, would be to fail to give effect to the plain provisions of the statute.

The former conviction means nothing if it does not mean that the requisite facts were established in the prior proceeding. If the former conviction is to be accepted at all it must be taken as importing its own verity. It would hardly be logical to hold that such a prior conviction may be taken as valid and subsisting for the purpose of meting out a heavier punishment for a second offense, but may not be taken as having been correctly entered. In this case there could have been no prior conviction in the absence of a judicial determination that the appellant was the father of this child. The determination of that fact, reflected in the judgment, is inseparably a part of that conviction. That fact was there determined and the statutory provision that the proof of that conviction still has the same effect as if that proceeding has not been set aside must apply to that conviction in its entirety, and not merely to one phase of it for a particular limited purpose.

The crime here involved is a continuing one, if the appellant continues to fail to care for the child. If the purpose of probation fails and he continues to repeat the offense his very failure to take advantage of the opportunity for reformation offered him by probation would, under his theory, place him in a much better position than if probation was never granted. If it had not been granted in the first place the fact of parentage would have been established for future cases. But under his view of the statute this result is defeated by his failure to keep his implied promise to reform

and he can, if probation is granted in successive cases, put the People to the expense of many trials before this two-year-old child reaches its majority, in each of which the fact of parentage must again be established. Eventually, he might secure a jury which would find that he was not the father of the child and, since that judgment could not be set aside, we would then have the same fact judicially determined both ways.

Under the plain language of the statute the prior conviction could be proved in this subsequent prosecution and must be given the same effect as if the former accusation had not been dismissed. We are not required to add to the provisions of the statute by reading into it limitations and exceptions which were not placed there by the legislature.

The judgment is affirmed.

Jennings, J., concurred.