[Civ. No. 6259.   Third Appellate District.—September 22, 1939.]

ALBERT F. SHERRY, Appellant, v. RAY INGELS, as Director of Motor Vehicles, etc., et al., Respondents.

Richard P. MacNulty and J. A. Donnelley for Appellant.

Earl Warren, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondents.

TUTTLE, J.—This is a *mandamus* proceeding brought in the Superior Court in and for the County of Sacramento, to compel the respondents as Director of Motor Vehicles and chief of the division of drivers' licenses of the Department of Motor Vehicles, respectively, to issue the appellant the probationary driver's license provided for in section 307 of the Vehicle Code.   A general demurrer to the petition was filed,

which was sustained. Appellant elected to stand upon his original petition, and appeals from the judgment entered on the order sustaining the demurrer.

On October 28, 1935, appellant was first convicted of drunken driving (an offense defined by section 502 of the Vehicle Code). Section 304 (c) of the Vehicle Code then provided:

"The Department upon receipt of a duly certified abstract of the record of any court showing that any person has been convicted under section 502 hereof shall suspend all licenses issued hereunder which the person then holds until the person gives proof of ability to respond in damages, as provided in this Code."

On April 3, 1937, the appellant, without having given such proof, was again convicted of drunken driving and was, in addition, convicted of driving without an operator's license. Both convictions of drunken driving were reported to the department of motor vehicles, as required by section 744 of the Vehicle Code.

Following the second conviction of drunken driving, the court placed the petitioner on probation. The petitioner fulfilled the terms of his probation and on May 23, 1938, was permitted to withdraw his plea of guilty, and the court thereupon dismissed the accusation, as permitted by section 1203.4 of the Penal Code, which was enacted in 1935, and which provides:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time prior to the expiration of the maximum period of punishment for the offense of which he has been convicted, dating from said discharge from probation of said termination of said period of probation, be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make

such application and change of plea in person or by attorney authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.''

Effective August 27, 1937, section 307 was added to the Vehicle Code, subdivision 6 of which provides that:

''Any person whose privilege of operating a motor vehicle upon the highways has heretofore been suspended pending the giving of proof of ability to respond in damages under the provisions of Sections 304 (c) . . . of this Code, may request, and the Department, *upon a showing by its records that such person has been convicted of one violation only* of an offense which would be ground for such suspension, shall withdraw the requirement that proof be filed and shall issue a probationary license to such person subject to the provisions of this section.''

The respondents take the position that the *records* of the department show that the appellant has been convicted of more than one offense which would be grounds for suspension, and hence that it cannot issue him a probationary license, or any license at all, until he files with the department proof of his ability to respond in damages, as provided in the Vehicle Code.

On the other hand, the appellant contends that since the court upon his second conviction placed him on probation, and since he fulfilled the conditions of his probation and the court permitted him to withdraw his plea of guilty and dismissed the accusation under the provisions of section 1203.4 of the Penal Code, that he is entitled to be released from all penalties resulting from the second conviction, including the penalty of being required to post proof of ability to respond in damages with the department of motor vehicles, and that he is entitled to have issued to him a probationary license as one who by the records of the department has been but once convicted of drunken driving.

We are unable to accept the view of the attorney-general that since there is no provision in the Vehicle Code for a department record of proceedings under section 1203.4 of the Penal Code, the department of motor vehicles is not bound by an order made under said section. We are of the opinion

that the failure of the legislature to *except* the crime of driving a motor vehicle, while intoxicated, from the provisions of said section, is an indication of an intent to leave said crime in the same category as every other penal offense. To say that the department mentioned is bound and governed solely *by its own records,* and not by the Penal Code section mentioned, would be tantamount to placing one department of the government above the law.

We are in complete accord with the statement of the attorney-general that this crime is a serious one, and that the law enforcement officers and the department should not be unnecessarily hampered in attempting to curb it. The legislature, however, is solely responsible for the predicament in which the department now finds itself. The law formerly made all forms of this crime a felony. The lawmakers then proceeded to reduce the offense, with exceptions, to a misdemeanor. The law formerly gave the department the right to require proof of ability to respond in damages upon the commission of *one* of such offenses, before the convicted party would be permitted to drive again. This must have appeared to the members of the legislature to have been too stringent, and in 1937 they amended the law so that *two* offenses were required to give the department the right to require such proof as a prerequisite to further use of the highways. The legislative intent would therefore appear to have been in the direction of leniency in dealing with the offense. It may be that the legislature had in mind the question of expediency. In any event, the criticism directed toward the situation arising in this case is one which calls for legislative, and not judicial, action. The provisions of the Penal Code mentioned above are plain and unambiguous, and must therefore be enforced.

The second conviction having been rendered ineffective and obliterated by the order of the trial court mentioned above, appellant is only subject to the provisions of the law relating to one who has suffered *one* conviction. It is therefore the legal duty of the department of motor vehicles to issue a probationary license to him.

As the facts are undisputed and only a question of law is involved in said action, and as it appears from the foregoing that the trial court erred in sustaining the demurrer:

It is therefore ordered that judgment be reversed, and the trial court directed to issue the writ as prayed for.

Deirup, J., *pro tem.*, and Thompson, Acting P. J., concurred.