[L. A. No. 20929.   In Bank.   June 15, 1949.]

PAUL OLIVER MEYER, Appellant, v. THE BOARD OF
MEDICAL EXAMINERS et al., Respondents.

French & Indovina and F. Walter French for Appellant.

Fred N. Howser, Attorney General, and Bayard Rhone,
Deputy Attorney General, for Respondents.

SPENCE, J.—This is an appeal from a judgment denying
a peremptory writ of mandate in a proceeding brought to
review the action of the respondent Board of Medical Exam-
iners of the State of California in ordering the suspension
of appellant's license as a physician and surgeon. Appellant
challenges the propriety of the respondent board's order, but
his position cannot be sustained in the light of applicable
statutory law as construed in relation to the problem at hand.

So far as here material, the facts in chronological order
appear as follows: On February 17, 1947, appellant, a
licensed physician and surgeon, upon entry of a plea of guilty,
was convicted of a violation of section 11164 of the Health

and Safety Code (furnishing narcotics "to an addict, or to any person representing himself as such, except as permitted"). A sentence of six months' imprisonment in the county jail was imposed, but the execution thereof was suspended and appellant was placed on probation for a period of two years upon condition that he pay a $500 fine. On August 5, 1947, respondent board filed an accusation against appellant for his criminal dereliction, and on August 22, 1947, the matter was tried before a hearing officer as provided by statute. (Gov. Code, § 11512.) On January 23, 1948, respondent board made an order rejecting the hearing officer's proposed decision of December 4, 1947, and specifying it would consider the matter "upon the record, including the transcript, without taking additional evidence, and upon written argument presented to" it.

Upon completion of one-half of the probationary period theretofore prescribed and in response to appellant's motion made on February 20, 1948, the superior court ordered that his "probation be terminated and [he be] discharged therefrom under Section 1203.3 Penal Code, that plea of 'Guilty' be changed to 'Not Guilty' and that cause be dismissed under Section 1203.4 Penal Code." On March 2, 1948, appellant presented to respondent board at its regularly scheduled meeting a certified copy of the court's order. However, said board concluded that such order "terminating probation and dismissing the information" did not in the disciplinary proceeding before it "remove or wipe out the conviction suffered by" appellant; and upon reciting the facts "resulting in the conviction"—that appellant had made a sale of "two vials containing forty tablets of a preparation of morphine" to a state narcotic officer for "$125.00 in marked money"—said board determined that appellant had been convicted of "an offense involving moral turpitude" and by reason of such conviction was "guilty of unprofessional conduct." Accordingly, respondent board as of March 15, 1948, ordered the suspension of appellant's license for 90 days and placed him on probation for three years. Appellant thereupon applied to the superior court for a writ of mandate to compel respondent board to set aside its order and decision. Argument was had upon respondent board's demurrer filed in return to appellant's petition, and it was sustained without leave to amend. The court then entered its judgment denying relief to appellant. From such judgment this appeal is taken.

■ ■ The sole question to be determined is the effect of section 1203.4 of the Penal Code upon the authority of respondent board to order the suspension of appellant's license. As here material, said section provides: "Every defendant . . . who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; . . . and . . . the court shall thereupon dismiss the accusations or information against such defendant, *who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.*" (Emphasis added.) Appellant concedes that respondent board could have found him guilty of unprofessional conduct without reference to the criminal proceeding, but he contends that inasmuch as said board elected to base its decision wholly upon appellant's prior conviction, its action was an improper imposition of a penalty contrary to the italicized language of the statute, following the dismissal of the criminal charge against him under the prescribed procedure. But such contention cannot be sustained in challenge of respondent board's order as a disciplinary measure reflecting considerations of appropriate punishment by reason of the adjudication of appellant's guilt, and so without the scope of the so-called "expunging of penalty" premise of the cited statute.

Respondent board has authority to suspend the license of a physician who is found to be guilty of unprofessional conduct, and it is expressly provided by statute that "conviction . . . of any offense involving moral turpitude constitutes unprofessional conduct," with the "record of the conviction" serving as "conclusive evidence" thereof. (Bus. & Prof. Code, § 2383.) There is no question here but that appellant's violation of section 11164 of the Health and Safety Code was an offense involving moral turpitude. So pertinent is the case of *In re Phillips*, 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644], holding that an attorney disbarred after his conviction of a crime involving moral turpitude was not entitled to have his name restored to the roll of practicing attorneys upon dismissal of the criminal proceeding against him in pursuance of section 1203.4 of the Penal Code. After noting that "the order granting probation is based upon the premise of the defendant's guilt," this court discussed the effect of the probation procedure as follows, at page 61: "The powers possessed by the trial courts under the probation statutes

(Penal Code, secs. 1203, et seq.) are concerned with mitigation of punishment and confer discretion upon the courts in dealing with a convicted defendant. The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the Legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant's conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law. Such a final determination of guilt is the basis for the order of disbarment in this case. That final judgment of conviction is a fact; and its effect cannot be nullified for the purpose here involved, either by the order of probation or by the later order dismissing the action after judgment.''

The rationale of the Phillips case is significant in that it was decided at a time when the State Bar Act referable to conviction of a crime involving moral turpitude as cause for suspension or disbarment (Bus. & Prof. Code, §§ 6101-6102, Stats. 1939, ch. 34, § 1, p. 357) was essentially the same as the present provisions of the Medical Practice Act (Bus. & Prof. Code, § 2383, Stats. 1937, ch. 399, p. 1275), and the plea or verdict of guilty was deemed the ''record of conviction'' in ''conclusive evidence'' of the unprofessional conduct. After the date of the Phillips decision, section 6102 of the Business and Professions Code was amended (Stats. 1941, ch. 1183, § 1, p. 2942) to provide for the disbarment ''irrespective of a subsequent order under the provisions of section 1203.4 of the Penal Code.'' Such amendment served to settle the question of legislative intent in conformity with what this court had held was the proper construction of the probation statute as a nonoperative factor in relation to a disbarment order as the outgrowth of a disciplinary proceeding.

Appellant argues that the Phillips case—involving an attorney—does not present parallel considerations to the instant case—involving a physician—because this court in the exercise of its inherent judicial power may discipline its own

officers without interference from the Legislature, while respondent board as an administrative agency created by the Legislature is not likewise free from legislative restraint, so that its suspension of a physician's license could properly be construed as a "penalty" or "disability" released under the probation statute. But such consideration in connection with the Phillips case was simply "noticed" as a "preliminary point" of observation (pp. 59-60, citing *In re Lavine*, 2 Cal.2d 324 [41 P.2d 161, 42 P.2d 311]) and did not constitute the premise of the decision—that the discharge from probation and the dismissal of the criminal proceeding could not obliterate the fact of adjudication of guilt in support of a disciplinary order (p. 61). Nor is the Phillips case, as appellant maintains, "invalidated as an authority" in this case in that the disbarment there antedated the dismissal of the criminal proceeding against the attorney under the provisions of the probation statute, while here the reverse situation prevails in that respondent board, though having had the disciplinary action against appellant pending before it for some time, did not make its order of suspension against him until *after* he had been accorded the statutory relief in question. Such variant course in the chronology of the proceedings is an immaterial consideration, for whether the discharge from probation and the accompanying relief granted by the trial court precede or follow the disciplinary order, its propriety stems from the adjudication of guilt constituting the basis of the "conviction" and, as such, it is not a "penalty" or "disability" within the contemplated release of the probation statute. As so analyzed, the Phillips case in principle of decision is determinative of this case, and appellant's effort to distinguish it allegedly upon "two separate grounds," one legal and the other factual, is of no avail.

Like views have prevailed in other situations limiting the effect of a dismissal after conviction, insofar as the existence of guilt by reason of commission of the criminal act is recognized, despite the benefits accorded by the probation statute. Thus (1) an express proviso in section 1203.4 of the Penal Code makes the conviction count against the defendant under the prior conviction statutes if he is subsequently convicted (*People* v. *Hainline*, 219 Cal. 532, 535 [28 P.2d 16]; *People* v. *Barwick*, 7 Cal.2d 696, 699 [62 P.2d 590]) or if it is offered for impeachment purposes in a subsequent prosecution (*People* v. *James*, 40 Cal.App.2d 740, 746 [105 P.2d 947]); (2) the conviction must be considered for the purpose of suspending

or revoking a driver's license (Veh. Code, § 309, nullifying the rule of *Sherry* v. *Ingels,* 34 Cal.App.2d 632, 635 [94 P.2d 77] ; see *Ellis* v. *Department of Motor Vehicles,* 51 Cal.App.2d 753, 757-758 [125 P.2d 521] ) ; and (3) not only the fact of previous conviction was properly raised in a second prosecution for failure to provide for a minor child (Pen. Code, § 270) after dismissal of the first upon satisfactory completion of probation, but all matters inherent in such conviction were admissible in evidence—the adjudication that the defendant was the father of the child as conclusive on the issue of parentage (*People* v. *Majado,* 22 Cal.App.2d 323, 324-325 [70 P.2d 1015] ). As the release of the "penalties and disabilities" clause of the probation statute has been so qualified in its application, it does not appear that it was thereby intended to obliterate the record of conviction against a defendant and purge him of the guilt inherent therein (*cf., Sherry* v. *Ingels, supra,* 34 Cal.App.2d 632 [94 P.2d 77] ) or to "wipe out absolutely" and for all purposes the dismissed proceeding as a relevant consideration and "to place the defendant in the position which he would have occupied in all respects as a citizen if no accusation or information had ever been presented against him" (*People* v. *Mackey,* 58 Cal.App. 123, 130 [208 P. 135] ). From this standpoint, appellant's theory that the import of the probation statute and the dismissal proceeding is to expunge the record of the crime (*Sherry* v. *Ingels, supra*; *People* v. *Mackey, supra*) cannot prevail.

Consistent with the foregoing considerations, it is our conclusion that the respondent board was clearly acting in the premises pursuant to its statutory authority, and that appellant's subjection to such disciplinary proceeding and the consequences thereof cannot be construed as a "penalty" or "disability" which was released under the probation statute. (*In re Phillips, supra,* 17 Cal.2d 55, 61 [109 P.2d 344, 132 A.L.R. 644].)

The judgment is affirmed.

Gibson, C. J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent.

The construction placed upon section 1203.4 of the Penal Code by the majority of this court is wholly unwarranted and is, furthermore, directly opposed to the reason for the enactment of the section.

Section 1203.3 of the Penal Code reads, in part: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. *It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it,* terminate the period of probation and discharge the person so held . . ." [Emphasis added.]

Section 1203.4 of the Penal Code provides: "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, *who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.* The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney authorizing [authorized] in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

The superior court, on February 20, 1948, pursuant to the above provisions, ordered that appellant's probation be terminated and that he be discharged therefrom, that his plea of guilty be changed to one of "not guilty" and that the cause be *dismissed. Thereafter,* respondent board, relying *solely* on the record of conviction, pursuant to section 2383 of the Business and Professions Code, ordered the suspension of appellant's license for 90 days, and placed him on probation for three years. Section 2383 (Bus. & Prof. Code) provides that: "The conviction of a felony or of any offense involving moral turpitude constitutes unprofessional conduct within the meaning of this chapter. The record of the conviction is conclusive evidence of such unprofessional conduct."

The majority rely heavily on the case of *In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644]. I did not agree with the majority in that case, and I most certainly am not in

favor of extending the harsh rule there laid down so that it may be applied to a factual situation such as is here presented. In the Phillips case, the order of disbarment was made *before* the conviction had been set aside. In the instant case, the board made the order of suspension and probation *after* the conviction had been set aside. Not only that, but the action was based on a judgment of conviction which was no longer in existence except for the exception made in the statute. That exception has no application here. Appellant concedes that the board could have taken disciplinary measures against him because of his prior conduct, but contends that all of the counts of the accusation filed against him, with the exception of the one based on the judgment of conviction, were dismissed.

In the Phillips case, the majority opinion stated: ". . . action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law." This holding, which is approved by the majority in this case, nullifies the effect of the proceeding had in the superior court under section 1203.4 of the Penal Code, and, in effect, obliterates the section. In the original action, appellant was fined, sentenced and placed on probation for two years. This conviction was set aside under the section providing that he be *released from all "penalties and disabilities."* Notwithstanding this action, this court allows the respondent board to impose even greater penalties and disabilities upon appellant than those to which he had been subjected by reason of his conviction.

The "Decision" of respondent board states that it is based upon *"the record, including the transcript,* without taking additional evidence, and upon written argument presented to the Board." [Emphasis added.] Since the accusations or information against the defendant had been dismissed by the superior court *prior* to the decision of the board, how could the record of the original trial be used as the basis for the board's decision? The statute (Pen. Code, § 1203.4) makes one exception, and only one, where the subsequently dismissed conviction may be used against a defendant. This court has added another.

Mr. Justice Shenk, in his dissenting opinion in the Phillips case, pointed out that the majority had deviated from the rule laid down in a number of previous cases. At the present time, the Business and Professions Code, section 6102, is in

line with the decision in that case, but the code has not been so amended with respect to physicians and surgeons.

The majority point out that the Legislature could not have intended that the proceeding under section 1203.4 of the Penal Code was to wipe out the defendant's guilt because (1) of the express proviso contained in the section; (2) because the conviction may be used for impeachment purposes (*People v. James,* 40 Cal.App.2d 740, 746 [105 P.2d 947]); (3) because it may be used for the purpose of suspending or revoking a driver's license, (Veh. Code, § 309); (4) because it may be used in a second prosecution for failure to provide for a minor child, and because all matters inherent in the conviction (that is, the adjudication on the issue of parentage) were admissible in evidence, (*People v. Majado,* 22 Cal.App.2d 323 [70 P.2d 1015]).

I would like to point out, in this connection, that in *People v. James, supra,* the defendant was charged with the crime of grand theft. The fact that he had been previously convicted and the conviction dismissed pursuant to section 1203.4 of the Penal Code was used to impeach him. This case does not add another exception to the statute, but falls squarely within the one there contained. The court in the James case said, at page 747: "It seems highly probable that by the amendment to this section [the exception] after the decision in *People v. Mackey, supra,* the legislature intended to broaden the section in its application and particularly provided that in any subsequent *prosecution* of the defendant prior convictions may be pleaded and proved." [Emphasis that of the court.] It was also said that "We therefore conclude that where a defendant who has been previously convicted of a felony and granted probation and a dismissal obtained as in the instant case, and is subsequently *prosecuted* for another offense, in becoming a witness in his own behalf, he subjects himself to impeachment upon the ground that he has been convicted of a felony." [Emphasis that of the court.]

And in *People v. Majado, supra,* the defendant was found guilty, under section 270 of the Penal Code, of failure to provide for a minor child. The only question raised there was whether the court erred in admitting in evidence the record of a prior conviction which had been subsequently dismissed pursuant to section 1203.4 of the Penal Code. Note that this case, too, falls squarely within the exception to the section and is not additional thereto. Both *People v. James,* and *People v. Majado, supra,* cite with approval statements made

in the case of *People* v. *Hainline*, 219 Cal. 532 [28 P.2d 16]. In that case it was said, at page 534: "If prior to the 1927 amendment, any doubt existed in the minds of lawyers, judges and laymen as to the status of those who committed a *second felony,* such doubt was removed by said amendment, *which strips them of all the privileges and rights which were restored to them by the provisions of the original act* upon the completion of their probationary term. . . .

"The concluding portion of the act, which provides that if the probationer *commits a second offense he shall forfeit all the rights with which he was clothed at the time the court ordered the information dismissed,* constitutes the amendment of 1927 . . . Said amendment simply and justly provides that persons who have refused to profit by the grace extended to them upon the first offense shall, upon conviction of a subsequent felony, suffer the penalty of the law as prescribed for the punishment of all other offenders." [Emphasis added.]

Section 309 of the Vehicle Code is an express additional statutory exception to the Penal Code section under consideration. It reads as follows: "A termination of probation and dismissal of charges pursuant to section 1203.4 of the Penal Code shall not affect any revocation or suspension of any license of the probationer under the provisions of this chapter. The probationer's prior conviction *shall be considered a conviction for the purpose of revoking or suspending any license* issued to him on the ground of two or more convictions."

If appellant's suspension and probation is to be based upon the dismissed conviction, it would seem that he had gained no rights and no privileges of which he could be stripped. If the defendant is to be considered guilty for all purposes, despite the fact that there are only two statutory provisions whereby he may be so considered, it would seem that section 1203.4 of the Penal Code makes provision for a useless procedure.

It appears to me to be obvious that the Legislature intended that a person whose conviction has been set aside, and the accusation against him dismissed, should not suffer the stigma usually attached to such a conviction unless he is later prosecuted for another offense. If the Legislature did not so intend, why is the defendant permitted to withdraw his plea of guilty and enter one of not guilty? The section clearly contemplates giving the offender a second chance to take his place in the community. Inherent in this contemplation is the thought

that he shall not be branded a pariah, having paid his debt to the satisfaction of the court. In holding to the contrary, the majority appear to be oblivious to the broad and liberal humanitarian concept embraced within the above quoted sections of our Penal Code.

Shenk, J., and Schauer, J., concurred.

Appellant's petition for a rehearing was denied July 14, 1949. Shenk, J., Carter, J., and Schauer, J., voted for a rehearing.