[Civ. No. 23283. First Dist., Div. Two. June 23, 1966.]

WILFRED MARTIN READY, Plaintiff and Respondent, v. STAFFORD R. GRADY, as Insurance Commissioner, etc., Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Robert E. Murphy, Deputy Attorney General, for Defendant and Appellant.

Smith, Parrish, Paduck & Clancy and Phillip J. Smith for Plaintiff and Respondent.

TAYLOR, J.—On this appeal by the Insurance Commissioner from a judgment in mandate compelling him to set

aside his order revoking the licenses of respondent, W. M. Ready, the following questions of law are presented: (1) the effect of the expungement of respondent's conviction pursuant to section 1203.4 of the Penal Code; and (2) whether respondent was "convicted" within the meaning of subdivision (m) of section 1668 of the Insurance Code.

The facts are not in dispute. Respondent was permanently licensed as an insurance agent in 1952, and as a life and disability agent in 1961. On May 22, 1964, respondent entered a plea of guilty to two felony counts of grand theft involving fraudulent insurance claims. Imposition of sentence was suspended and respondent placed on probation for two years. On January 27, 1965, appellant held an administrative hearing and on March 24, 1965, adopted the recommendation of its hearing officer that respondent's license to act as an insurance agent be revoked pursuant to sections 1668 and 1738 of the Insurance Code. On April 12, 1965, respondent filed his petition for a writ of mandate and at the subsequent court hearing presented evidence not previously adduced at the administrative hearing or known to appellant, namely, that on March 19, 1965, his conviction was expunged pursuant to section 1203.4 of the Penal Code. The trial court found that respondent was not convicted of a felony or public offense having as one of its necessary elements a dishonest or fraudulent act in acceptance of custody or payment of money within sections 1668 and 1738 of the Insurance Code, and entered judgment in favor of respondent.

The first question considered is the effect, if any, of the expungement of the conviction on the action taken by appellant. As appellant is not a constitutional agency with judicial authority but a state officer exercising statutory powers, his determination in a disciplinary proceeding is subject to a trial de novo in the superior court in which the court is entitled to exercise its independent judgment on the evidence (Code Civ. Proc., § 1094.5; *McPherson* v. *Real Estate Comr.*, 162 Cal.App.2d 751 [329 P.2d 12]; *Nardoni* v. *McConnell*, 48 Cal.2d 500 [310 P.2d 644]). Thus, even though the matter of expungement was not before appellant at the time of his action, it was properly considered by the trial court in the mandamus proceeding. We must, therefore, determine whether this new evidence requires appellant's order to be set aside or at least reconsidered (*Sears, Roebuck & Co.* v. *Walls*, 178 Cal.App.2d 284 at 292 [2 Cal.Rptr. 847]).

Respondent argues that since the expungement

released him from all penalties and disabilities resulting from the offense or crime of which he has been convicted (Pen. Code, § 1203.4), the trial court properly ordered the automatic reinstatement of his licenses. We cannot agree. It is now well settled that the suspension or revocation of a license to practice a profession is not a penalty or disability within the purview of section 1203.4 of the Penal Code (*In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644]; *Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62 [206 P.2d 1085]; *Copeland* v. *Department of Alcoholic Beverage Control,* 241 Cal.App.2d 186, 188 [50 Cal.Rptr. 452]). The function of an administrative proceeding such as the one here involved is neither criminal[1] nor quasi-criminal in character. It has been held that the purpose is not the punishment of the licensee, but rather the protection of the public. The Legislature has demonstrated its concurrence in this interpretation and in the inapplicability of Penal Code section 1203.4 by subsequently enacting into law the essentials of the holdings in the *Phillips* and *Meyer* cases. (See Bus. & Prof. Code, §§ 2383, 2384 and 6102, subd. (b).)

It is true that broader interpretations were given to administrative statutes in *Sherry* v. *Ingels,* 34 Cal.App.2d 632 [94 P.2d 77] (where it was held that the Department of Motor Vehicles could not deny a license to a driver on the ground that he had been twice convicted of drunken driving when one of the convictions had been set aside under section 1203.4), and in *People* v. *Taylor,* 178 Cal.App.2d 472 [3 Cal.Rptr. 186] (where it was held that a defendant could not be convicted of a violation of section 12021 of the Penal Code when the prior felony convictions had been set aside). In both instances, however, the Legislature immediately nullified the holdings by enacting section 13555 (formerly § 309) of the Vehicle Code and by adding the concluding paragraph to section 1203.4.

Respondent's reliance on *Suspension of Hickman,* 18 Cal.2d 71 [113 P.2d 1], which held that an attorney was entitled to automatic reinstatement after he had been granted probation without imposition of sentence and the conviction was expunged, ignores the portion of the case, at page 74, affirming the State Bar's power to consider the conduct of the defendant independent of the criminal proceeding. The reason for

[1]The many well known criminal penalties and disabilities (Pen. Code, §§ 290, 667, 1025, 1203, 12021, 4852.12) and *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38 [324 P.2d 990] (involving section 290 of the Penal Code) are thus not pertinent here.

this policy was explained in *Stephens* v. *Toomey,* 51 Cal.2d 864, 872 [338 P.2d 182]. The court pointed out that where a high degree of professional skill and fidelity to the public are required on the part of the licensee, the law will not permit the dismissal (under § 1203.4) of the proceeding in the criminal case to automatically restore or terminate the suspension of the license. The court said "the requirement of rehabilitation is not the statutory rehabilitation provided by section 1203.4 of the Penal Code. *An affirmative showing of rehabilitation must be made by the applicant to the satisfaction of the licensing authority before he may be restored to his former position as a licensee."* (Italics added.)

■ The requirement of an affirmative showing of rehabilitation is especially significant in the instant case, as the expunged felony involved fraudulent insurance claims and was thus directly related[2] to the licenses held by respondent. ■ The licensing of an insurance agent is administrative and statutory and does not involve a constitutional or common law right. Regardless of the expungement, the consideration of the prior conviction would be pertinent in determining respondent's eligibility to sell insurance. ■ As indicated above, the relevant provisions of the Insurance Code were not designed to punish the errant licensee but to insure that the privileges granted under the license were not exercised in derogation of the public interest, and to keep the regulated activity clean and wholesome (*Stuck* v. *Board of Medical Examiners,* 94 Cal.App.2d 751, 757 [211 P.2d 389]).

■ A case in point is *Epstein* v. *California Horse Racing Board,* 222 Cal.App.2d 831 [35 Cal.Rptr. 642]. The court there held that the expungement of a prior conviction of violation of section 337a of the Penal Code did not prevent the State Horse Racing Board from excluding the petitioner from its premises on the basis of his prior conviction alone. Likewise, here, the fact that respondent's conviction was expunged, does not prevent appellant, an administrative agency charged with the regulation of an activity affected with a public interest, from

---

[2]We note that in the recent case of *Otsuka* v. *Hite,* 64 Cal.2d 596 [51 Cal.Rptr. 284, 414 P.2d 412], our Supreme Court, in striking down the refusal of the registrar of voters to register the plaintiffs · who had served federal prison terms as conscientious objectors, emphasized that there was no reasonable relationship between the offense and protecting the integrity of the elective process. The case is otherwise of little relevance here as it held that the plaintiffs had not been convicted of an infamous crime under the constitutional provision.

considering the fact of the conviction in determining the applicability of its standards and rules.[3] However, since appellant in this case was not aware of the expungement at the time of the administrative hearing and revocation of respondent's license, we think it only fair and proper that the matter be returned to the commissioner for reconsideration in the light of this development.

 Respondent makes the additional argument that he was not actually "convicted" within the meaning of that term as used in sections 1668 and 1738 of the Insurance Code. Section 1738 provides that the Insurance Commissioner may suspend or revoke any permanent license on any of the grounds on which he may deny an application. The pertinent portion of section 1668 provides that he may deny an application for a license if: "(m) The applicant has been convicted of: (1) A felony; (2) A misdemeanor denounced by this code or other laws regulating insurance; or (3) A public offense having as one of its necessary elements a fraudulent act or an act of dishonesty in acceptance, custody or payment of money or property."

The parties recognize that the word conviction is and has been used with various meanings[4] (*Truchon* v. *Toomey,* 116 Cal.App.2d 736 [254 P.2d 638, 36 A.L.R.2d 1230]). Appellant argues that in section 1668, it means only a determination of guilt; respondent, a final judgment of conviction. The resolution of this question is a matter of first impression. Respondent relies on *Truchon* v. *Toomey, supra,* and *Stephens* v. *Toomey, supra,* both concerned with the use of "convicted" in section 1 of article II of the state Constitution.[5] However, those authorities simply establish that, *as used in the constitutional provision,* "convicted" means a final judgment of conviction (*Stephens* v. *Toomey, supra,* p. 869).

Respondent argues that he was not "convicted" within the meaning of section 1668 of the Insurance Code because the imposition of sentence was suspended and he was placed on probation. Both federal and state courts have held that a plea or finding of guilty constitutes a conviction within the

---

[3]We note that section 1668 allows revocation for conduct that falls far short of a criminal act. (Subdivision (j) thereof permits revocation of a license for mere untrustworthiness in the conduct of a business.)

[4]In fact, the flexibility of the use of various definitions for different purposes is viewed as an advantage (40 State Bar J. 36).

[5]Section 1, article II of the state Constitution provides, in part, "no person convicted of any infamous crime, . . . shall ever exercise the privilege of an elector in this State."

meaning of statutes, the applicability of which depends on prior offenses (*People* v. *Loomis,* 231 Cal.App.2d 594 [42 Cal.Rptr. 124]; *People* v. *Victor,* 62 Cal.2d 280, 294 [42 Cal.Rptr. 199, 398 P.2d 391]; *People* v. *Arguello,* 59 Cal.2d 475 [30 Cal.Rptr. 333, 381 P.2d 5]). Even if imposition of the sentence is suspended and a defendant is put on probation, his status is one of a convicted felon for the purpose of Penal Code section 12021 prohibiting the possession of a concealed firearm by a previously convicted felon (*People* v. *Banks,* 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102]). In *Banks,* the court said at page 386: "By contrast, the defendant whose guilt has been established (by plea, finding or verdict) but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disability whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. *The probationer in the latter case still retains his ordinary civil rights . . . He does, however, for some specific purposes—for administration of the probation law and other laws expressly made applicable to persons so situated—stand convicted of a felony.*" (Italics added.) Many other authorities support the view that conviction merely refers to the ascertainment of guilt by the trial court and does not require the entry of a judgment of conviction (*Ex parte Brown,* 68 Cal. 176 [8 P. 829]; *People* v. *Clapp,* 67 Cal.App.2d 197 [153 P.2d 758]; *In re Morehead,* 107 Cal. App.2d 346, 350 [237 P.2d 335]; *People* v. *Ward,* 134 Cal. 301 [66 P. 372]).

Respondent next argues that the 1965 amendment to section 1668 [6] confirms his conclusion that he had not been convicted within the meaning of that section as it read prior to the amendment. In *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38, the court rejected this contention, at page 43 [324 P.2d 990], as follows: "Legislation [referring to section 309 of the Vehicle Code and similar provisions of other licensing statutes] of this type might conceivably reflect a legislative interpretation of section 1203.4 to the effect that, but for the insertion of such exclusionary provisions in these several regulatory statutes, the suspension or revocation of a license or the

---

[6]By Statutes 1965, chapter 227, section 1, the following final paragraph was added: "A judgment, plea or verdict of guilty or a conviction following a plea of nolo contendere is deemed to be a conviction within the meaning of this section."

suspension or discharge of a public school teacher is a 'penalty' or 'disability' within the meaning of those words as used in section 1203.4. *Such a view loses much of its logic when we consider these amendments in the light of certain judicial decisions.*'' (Italics added.) The court then proceeded to point out, as we have above, that all of the legislative enactments concurred with the views expressed in the *Phillips* and *Meyer* cases.

We think in view of the holdings of the *Phillips* and *Meyer* cases, as well as the purpose of the statute discussed fully above, the amendment can only be viewed as an explanation of the well established meaning of the word ''convicted'' in an administrative statute (cf. *Koenig* v. *Johnson,* 71 Cal.App.2d 739 [163 P.2d 746]). We conclude, therefore, that as used in section 1668 of the Insurance Code, ''convicted'' has the broader meaning of a determination of guilt. It follows that on entering his plea, respondent was ''convicted'' of a ''felony'' as well as a public offense having as one of its necessary elements a fraudulent act or an act of dishonesty in the acceptance, custody or payment of money or property.

The judgment is reversed with directions to the trial court to order the Insurance Commissioner to reconsider in light of the new evidence of expungement.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied July 22, 1966.