**Christopher C. LEWIS, Petitioner,**

v.

**Ray ANDREWS, Warden, Federal Correctional Institution, Taft, California, Respondent.**

**No. 99–3176–DES.**

United States District Court, D. Kansas.

Aug. 22, 2000.

Christopher Columbus Lewis, Terminal Island, CA, petitioner pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 2) and a summary judgment motion filed pursuant to Fed.R.Civ.P. 56 (Doc. 9). Both the petition and the motion were filed by an inmate of the Federal Correctional Institution, Taft, California. The petition was originally filed in the United States District Court for the Eastern District of California and was subsequently transferred to this court (Doc. 5). For the foregoing reasons, petitioner's application for habeas corpus relief and motion for summary judgment are denied.

## I. FACTUAL BACKGROUND

Christopher Columbus Lewis ("Lewis") was convicted in 1992 of five drug-related counts: (1) possession with intent to distribute cocaine, (2) possession with intent to distribute crack cocaine, (3) conspiracy to possess both of those substances with the intent to distribute them, and (4) two counts charging the use of a firearm during drug trafficking. Lewis was sentenced by this court to a controlling term of 300 months.

On direct appeal, Lewis raised three issues: (1) that evidence obtained in a search of the car driven by his co-defendant, Donald K. Davis, should not have been admitted; (2) that his statements made during an interview by law enforcement on the day after his arrest should,

likewise, not have been admitted; and (3) that Lewis's additional statements to another law enforcement officer the following day, should not have been admitted. On May 5, 1994, the Tenth Circuit Court of Appeals affirmed Lewis's conviction and sentence.

On June 13, 1994, Lewis filed his first petition under 28 U.S.C. § 2255 to vacate his conviction and set aside his sentence. The court denied petitioner's § 2255 petition on December 5, 1994, and the decision was affirmed by the Tenth Circuit Court of Appeals on August 30, 1995.

On April 24, 1995, Lewis filed a motion with the court to reconsider the denial of his motion to vacate his convictions. The district court denied this motion on May 19, 1995, and Lewis appealed. The Tenth Circuit remanded the case to the district court, construing the petitioner's motion to reconsider as a petition under 28 U.S.C. § 2255. On December 7, 1995, the district court denied Lewis's petition and the petitioner appealed. This appeal was denied on May 2, 1996.

On January 5, 1996, Lewis filed another § 2255 petition. On April 1, 1996, the district court granted Lewis's petition in regards to counts four and five. On April 8, 1996, Lewis appealed the district court's decision regarding counts two and three, which were not vacated. On May 8, 1997, the Tenth Circuit affirmed the district court's decision.

On October 28, 1996, Lewis filed his fourth and final motion pursuant to § 2255 seeking to vacate, set aside, or correct his sentence. In accordance with the requirements of § 2255, petitioner sought an order from the United States Court of Appeals authorizing his successive motion. *See* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255. Petitioner sought the order on three separate occasions and all three motions were denied.

The current petition before the court is not brought under 28 U.S.C. § 2255, but rather, jurisdiction is asserted under 28 U.S.C. § 2241. Lewis claims that because he has been denied authorization to bring his successive § 2255 motion, the court should, in the interests of justice, consider his § 2241 petition.

## II. DISCUSSION

### A. Jurisdiction

It is well settled that petitions sought under 28 U.S.C. § 2241 are not designed to serve as an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996) (citing *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963), *cert. denied,* 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964)). Petitions under 28 U.S.C. § 2255 are used to attack the legality of a detention and must be filed in the district that imposed the petitioner's sentence. *Bradshaw,* 86 F.3d at 166. In contrast, a petition under 28 U.S.C. § 2241 is used to attack the execution of a sentence rather than its validity and must be filed in the district where the petitioner is serving the sentence. *Id.* (citing *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986)). As will be discussed below, Lewis's claim is squarely focused on the validity of his sentence.

A petition under § 2255 is the " 'exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective....' " *Id.* (quoting *Johnson v. Taylor,* 347 F.2d 365, 366 (10th Cir.1965)). The statutory language of § 2255 specifically denies a district court from entertaining a habeas corpus petition by a prisoner authorized to seek relief under § 2255 "unless it ... appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Only in limited circumstances have courts found the remedy provided by § 2255 to be inadequate. *See, e.g., Spaulding v. Taylor,* 336 F.2d 192, 193 (10th Cir.1964) (§ 2255 remedy ineffective when the original sentencing court is abol-

ished); *Cohen v. United States*, 593 F.2d 766, 771 n. 12 (6th Cir.1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant compete relief) (dictum); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court delays inordinately consideration of the petition) (dictum), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965). Lewis's petition does not advance any circumstance justifying the exercise of this limited exception.

■ Lewis contends that because the Tenth Circuit Court of Appeals has thrice denied him an opportunity to bring his successive § 2255 motion, relief authorized under that motion is inadequate and ineffective. However, a denial of successive § 2255 motions due to the statute's substantive and procedural gatekeeping requirements is not sufficient to show that the remedy provided by § 2255 is either inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (citing *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir.1999) (per curiam); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir.1999).

The claims in this petition attacking the validity of the sentence cannot now be considered under § 2255, the proper avenue, and are not appropriate grounds for relief under § 2241. The mere fact that Lewis has been denied relief under § 2255 does not establish that § 2255 was an inadequate or ineffective remedy so allowing an action under § 2241.

## B. Merits of Claim

Even if the court were convinced that Lewis's petition is properly sought under § 2241, under the appropriate standards the relief would be denied. Lewis argues that since the time of his original sentencing he has successfully attacked a prior conviction used to enhance his sentence. In 1990, Lewis pled guilty to possession of a controlled substance in violation of California Health and Safety Code § 11350(a), a felony. This conviction was used to enhance his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) and was used to compute his criminal history under the United States Sentencing Guidelines ("U.S.S.G."). In 1997, he moved under California Penal Code § 1203.4 to set aside his California conviction, and his motion was granted. Lewis asserts, based on *United States v. Cox*, 83 F.3d 336 (10th Cir.1996), that his current sentence should be reviewed in light of the fact that the predicate offense has been set aside and vacated. *See United States v. Garcia*, 42 F.3d 573, 581–82 (10th Cir.1994) (recognizing the availability of sentence review upon the invalidation of a predicate offense); *United States v. Allen*, 24 F.3d 1180, 1187 (10th Cir.1994) (same), *cert. denied*, 513 U.S. 992, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994).

Under the U.S.S.G., an expunged conviction may not be included in a defendant's criminal history calculation. U.S.S.G. § 4A1.2(j). Convictions reversed or vacated for reasons relating to constitutional invalidity, innocence, or errors of law are expunged under the guidelines and may not be included in a defendant's criminal history calculation. U.S.S.G. § 4A1.2(j), comment., n. 6. *See also Cox*, 83 F.3d at 339–40. In contrast, a conviction set aside for reasons not relating to issues of constitutionality, error, or innocence are not considered expunged and are counted for criminal history purposes. U.S.S.G. § 4A1.2, comment., n. 10. Therefore, the court "must determine whether defendant's state conviction . . . [was] expunged

or treated as expunged under state law." *Cox,* 83 F.3d at 340 (citing *United States v. Johnson,* 941 F.2d 1102, 1111 (10th Cir. 1991)). *See also United States v. Wacker,* 72 F.3d 1453, 1479 (10th Cir.1995) (noting the distinction under the guidelines for convictions that are set aside and those that are expunged).

■ In analyzing California Penal Code § 1203.4, the court is satisfied that Lewis's conviction was not expunged under California law for reasons relating to either constitutional validity, innocence, or error. *See Adams v. County of Sacramento,* 235 Cal.App.3d 872, 1 Cal.Rptr.2d 138, 141 (1991). In *Adams,* the court noted "[t]hat section [1203.4] was never intended to obliterate the fact that defendant has been 'finally adjudged guilty of a crime' .... It merely frees the convicted felon from certain 'penalties and disabilities' of a criminal or like nature." 1 Cal.Rptr.2d at 141 (quoting *Meyer v. Board of Medical Examiners,* 34 Cal.2d 62, 206 P.2d 1085 (1949)). *See also* U.S.S.G. § 4A1.2, comment., n. 10 ("jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.,* ... to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted"). Furthermore, § 1203.4 provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal.Penal Code § 1203.4 (West Supp.1999). Thus, under California law, even if a conviction is set aside pursuant to § 1203.4, it may continue to be used for sentence enhancement purposes.

■ The court also finds that Lewis's claim is without merit in regards to his

sentence enhancement under 21 U.S.C. § 841(b)(1)(A).[1] At the time of sentencing, Lewis's California felony conviction was final for the purpose of sentence enhancement. *See United States v. Short,* 947 F.2d 1445, 1460 (10th Cir.1991) (holding that a sentence is final for the purposes of § 841 when the conviction is no longer subject to examination on direct appeal), *cert. denied,* 503 U.S. 989, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992); *United States v. Morales,* 854 F.2d 65, 68 (5th Cir.1988) (same). The fact that the conviction was later set aside may not be used to sidestep § 841's inherent policy of discouraging recidivism. *See, e.g., United States v. Meraz,* 998 F.2d 182 (3d Cir.1993) (state conviction final even though under deferred sentence statute criminal charges would be dismissed after successful probation); *United States v. Campbell,* 980 F.2d 245 (4th Cir.1992) (conviction final even though under deferred sentence statute no judgment of guilt was entered when defendant sentenced to probation and proceedings would be dismissed after successful probation), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993).

■ Lewis also shows that in 1996, prior to the California conviction being vacated, it was reduced, pursuant to California Penal Code § 17(b)(1) and (3), to a misdemeanor. Lewis contends that this reduction requires the court to reevaluate his sentencing. In lieu of the court's earlier analysis, and the fact that the reduction of Lewis's conviction in no way is a reflection upon the validity of his conviction at the time it was used to enhance his 1992 conviction, the court finds that Lewis's claim lacks merit.

### C. Summary Judgment

Finally, Lewis has also filed what is titled as a motion for summary judgment pursuant to Fed.R.Civ.P. 56 (Doc. 9). The

---

**1.** The relevant portion of § 841 states: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years...." 21 U.S.C. § 841(a)(1)(A).

motion claims that the failure on behalf of the United States Attorney's Office to respond to Lewis's § 2241 motion requires the court to grant the relief sought. The court will liberally construe the motion as a motion for default judgment and deny the motion.

**IT IS THEREFORE BY THIS COURT ORDERED** that petitioner's habeas corpus petition (Doc. 2) is denied. Petitioner's motion for summary judgment (Doc. 9) is also denied.