[Civ. No. 8672. Third Dist. Jan. 20, 1956.]

EVELYN MARCUCCI, Appellant, v. BOARD OF EQUAL-IZATION OF THE STATE OF CALIFORNIA, Respondent.

606

DeMeo & DeMeo and J. N. DeMeo for Appellant.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, and Dan Kaufman, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of the Superior Court of Sonoma County, denying a writ of mandate in a proceeding brought to review a final order of respondent board. That board ordered the on-sale liquor license of appellant suspended for 15 days for violation of section 24200, subdivision (b), of the Business and Professions Code, in that she permitted a minor to consume beer upon her licensed premises.

The cause was heard in the trial court upon the record before the respondent board, which record includes a hearing at which evidence was taken as follows: William Hunt, a state liquor control officer, testified that while on a routine

patrol in the Sonoma Valley he and other officers went into the licensed premises. A Halloween party was being held there. The officers went into the barroom portion of the premises and observed a minor sitting at the bar. They stood behind him and watched him consume a bottle of beer. The bartender then served him with another bottle. The minor poured beer from that bottle into his glass and Officer Dickson reached over and seized the glass and bottle. The officers talked to the bartender who said he had not served the beer to the minor but to a Mr. Norbaum who, with his wife, the minor and the Norbaums' son, was in the premises. Norbaum and the minor were sitting at the bar side by side when the officers entered. The officers charged the minor with consuming alcoholic beverage in the premises, charged the bartender with furnishing liquor to the minor and made a like charge against Norbaum. After trial the minor was convicted, fined $50, and given a year's probation; Norbaum was convicted and fined $50; the bartender was acquitted. On cross-examination Hunt further testified that the minor was consuming a glass of beer when the officers walked in and was then served with another bottle of beer; that he saw the minor pour beer from the bottle into a glass, which he seized; that this bottle was directly behind an empty bottle sitting in front of the minor, so that for a short period of time the minor was seated at the bar with two beer bottles in front of him, one directly behind the other; that the bartender placed the second bottle in front of the minor.

The minor testified as follows: That he was not sitting at the bar, but was standing between Mr. and Mrs. Norbaum; that he knew the bartender, but had no talk with him that night; that the bartender did not serve him anything, but that he drank beer on the premises which he picked up off the bar; that he had one or two bottles; that he picked up the last one from the counter; that the beer had been ordered for Norbaum and his wife and was put on the bar by the bartender. On cross-examination he said he would not have asked for a drink at the bar; that the bar was busy; that he thought the bartender had not seen him and he thought he did not see him drink, because if he had the bartender would have ordered him out; that he did not buy any beer; that he picked up a bottle and drank a part of it while the bartender was back of the bar attending to customers other than the Norbaums; that he had tried to hold the beer so nobody would know he had it; that he kept it in between the two grownups.

The bartender testified that he did not see the boy at the bar; that he was very busy running back and forth waiting on customers and could not possibly keep an eye on anyone; that if he had seen the minor he would not have served him; that he put the beer on the counter for Mr. and Mrs. Norbaum; that he did not really know the minor, although he had met him; that the minor was with Mr. Norbaum whom the bartender knew well; that he had never served the minor at the bar nor had the minor to his knowledge ever drunk anything on the premises; that the minor could have consumed the beer without his seeing him; that he was under orders never to serve minors; that he did not know the minor had the beer or had been drinking; that Norbaum had come to the bar first and he had served him a bottle of beer; that Norbaum then said his wife would be coming right in and ordered two more bottles, which he set on the counter; that he then turned away to wait on other people; that the first time he saw the minor was after the arrests; that there was confusion that night because there were 350 people in the premises.

After consideration of the foregoing testimony the respondent board found that petitioner, at her licensed premises, had permitted said minor to consume beer thereon and ordered that her license be suspended for 15 days. Thereafter proceedings in mandate were begun before the Sonoma County Superior Court, which court refused to set aside the board's decision, holding that the decision was supported by substantial evidence. This appeal followed.

The respondent board with respect to its functions in controlling and regulating the sale and use of intoxicating beverages is a constitutional agency. (Cal. Const., art. XX, § 22, prior to its amendment in 1954.) The scope of review of its decisions is, therefore, limited to determining whether or not there is substantial support therefor to be found in the record, and both the superior court in mandate proceedings brought before it and this court upon appeal are without authority to reweigh the evidence. (*Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131-132 [173 P.2d 545]; *Moore* v. *State Board of Equalization*, 76 Cal.App.2d 758, 762-763 [174 P.2d 323]. See also *Boren* v. *State Personnel Board*, 37 Cal.2d 634 [234 P.2d 981].) In determining whether or not there is substantial evidence in support of the administrative decision, conflicts in the evidence must be resolved in favor of that decision and all legitimate and reasonable inferences must be indulged in its support. (*Nel-*

*son* v. *Department of Corrections,* 110 Cal.App.2d 331, 337-338 [242 P.2d 906].)　　In *Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 239-240 [259 P.2d 649], the Supreme Court said in review of a like administrative board's decisions:

"Appellant was not entitled to a trial de novo in the superior court but only to a review of the full proceedings before the local board acting as a quasi-judicial body empowered 'to make final adjudications of fact in connection with matters properly submitted to it.' . . . Upon such review the 'court does not have a right to judge of the intrinsic value of evidence nor to weigh it' but its 'power . . . is confined to determining whether there was substantial evidence before the board to support its findings.' "

　Testing the findings of the board by the foregoing rules, its decision that petitioner through her employee, the bartender, permitted a minor to consume liquor on the licensed premises must be upheld. Responsive to the emphatic urgings of petitioner's counsel, we may concede that the board might well have found petitioner not guilty of violating her license, and even that the preponderance of evidence was contrary to the board's ruling. But this does not help petitioner; and had this court heard the evidence, as the board did through its hearing officer, its evaluation of the contents of the record might have been the same as the board's evaluation. All of which is simply to say that the power of factual decision must be placed somewhere; that it has been placed with the board and it matters not what, upon the cold record presented, a reviewing court might think it would have done had it been finding the facts in the first instance. The rules above stated must be applied and enforced and the search of the reviewing court limited to ascertaining whether or not on the whole record there is substantial support for the administrative decision under review. The trier of fact could have determined that petitioner's bartender knew that the minor was present, seated at the bar alongside Mr. Norbaum who brought him there, that he had consumed a portion of the first bottle of beer which the bartender served to Mr. Norbaum and that when the next bottle was placed before him he poured a part of its contents into his own glass and was preparing to continue consumption of the beverage at the bar; that, so knowing, the bartender did nothing to prevent such consumption. The trier of fact must be held on this record to have been justified in disbelieving the pro-

tests of the bartender and instead in believing that what the officers said they saw was also observed by the bartender. ▇ A licentiate conducting the sale of beverages under an on-sale license is charged with an active duty to prevent minors from consuming intoxicating liquor on the licensed premises, and if the licentiate, through an employee, has knowledge that such consumption is taking place, there arises immediately an active duty to prevent its continuance. A failure to prevent it is within the meaning of the statute a permitting of that unlawful consumption. The record furnishes substantial support for the board's decision and the ruling of the trial court to that effect must be upheld.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied February 8, 1956, and appellant's petition for a hearing by the Supreme Court was denied March 14, 1956. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.