[Civ. No. 22279.   Second Dist., Div. Three.   Nov. 14, 1957.]

JOHN A. FISCUS, Appellant, v. DEPARTMENT OF ALCO-HOLIC BEVERAGE CONTROL, etc., Respondent.

Monte C. Fiscus, McIver & Green and Robert Miller Green for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

VALLÉE, J.—Appeal from a judgment of dismissal following an order denying petitioner's application for a writ of mandate to review a decision of the Department of Alcoholic Beverage Control.

An application was made to the department for the issuance of an on-sale liquor license, to which petitioner filed a protest. A hearing was held before a hearing officer who overruled the protest and recommended that the license be issued. The department adopted the recommendation of the hearing officer. Petitioner did not file an appeal with the Alcoholic Beverage Control Appeals Board, but instead filed a petition in the superior court for a writ of mandate to review the decision of the department. The department opposed issuance of the writ. An order was made denying the petition. A judgment of dismissal followed, from which petitioner appeals.

The question is: Does the fact that petitioner failed to file an appeal with the appeals board preclude him from obtaining judicial review of the decision of the department?

Petitioner asserts section 11523 of the Government Code specifically authorizes him to seek judicial review without appealing to the appeals board. The department contends petitioner was required to appeal to the appeals board before seeking judicial review.

Since the briefs were filed the question has been decided adversely to the contention of petitioner in *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal. App.2d 523 [314 P.2d 1007], in which the court stated (p. 528):

"Referring to Hollywood Circle's final contention that it had the right to appeal under Government Code, section 11523, without appealing to the Appeals Board of the Department of Alcoholic Beverage Control. Examination of the constitutional and code provisions as to liquor control refutes this contention. The applicable part of the Constitution is as follows: '. . . When any person aggrieved thereby appeals from a decision of the department . . . revoking any license . . . the board shall review the decision subject to such limita-

tions as may be imposed by the Legislature. ['] (Const., art. XX, § 22.)

"Pursuant to this constitutional power, the Legislature enacted section 23081 of the Business and Professions Code, with its requirement that an aggrieved person had 40 days in which to appeal from a decision of the department."

Prior to January 1, 1955, the agency with the power to license the sale of intoxicating liquor was the Board of Equalization. (*Marcucci* v. *Board of Equalization,* 138 Cal.App.2d 605, 608 [292 P.2d 264].) There was no appeal from its decisions. The only remedy of an aggrieved party was to file a petition in the superior court for a writ of mandate within 30 days after the order of the board became final, seeking a review in accord with section 1094.5 of the Code of Civil Procedure. Since January 1, 1955, section 22 of article XX of the Constitution, implemented by sections 23080-23091 of the Business and Professions Code, has provided for an appeal from a decision of the department. Section 24301 of the Business and Professions Code reads:

"Subject to the provisions of Section 22 of Article XX of the Constitution, any ruling, order, or decision of the department is subject to review as provided by law in any court of competent jurisdiction in the county in which the person affected resides."

■ "Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and this remedy must be exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal, supra,* p. 293; *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26].) ■ The doctrine of exhaustion of administrative remedies applies where a statute provides an administrative remedy, even though the terms of the statute do not make the exhaustion of the remedy a condition of the right to resort to the courts. (*First Nat. Bank* v. *Board of County Comrs.,* 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 784, 788-789].) ■ The doctrine, whenever applicable, requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. (*Home Loan Bank Board* v. *Mallonee,* (9 Cir.) 196 F.2d 336; *Aircraft & D. Equipment Corp.* v. *Hirsch,* 331 U.S. 752, 767

[67 S.Ct. 1493, 91 L.Ed. 1796, 1806]; *Red River Broadcasting Co.* v. *Federal C. Com.* (C.A.D.C.), 98 F.2d 282, 287, cert. den. 305 U.S. 625 [59 S.Ct. 86, 83 L.Ed. 400].)'' (*Woodard* v. *Broadway Fed. S. & L. Assn.*, 111 Cal.App.2d 218, 220-221 [244 P.2d 467]; *Temescal Water Co.* v. *Department of Public Works*, 44 Cal.2d 90, 106 [280 P.2d 1].)

*Lynn* v. *Duckel*, 46 Cal.2d 845 [299 P.2d 236], was a suit against the director of public works of San Francisco. The plaintiff applied to the director for a permit to build a paved roadway in an alley. The director denied the application. The plaintiff did not appeal to the city's board of permit appeals, but instead instituted the lawsuit. The San Francisco Charter provided that if an application for a permit is denied, ''the applicant may appeal to the board of permit appeals.'' The court held (p. 849):

''In view of the foregoing provisions of the city charter, it is apparent that after plaintiff was denied a permit to build a paved roadway in the alley administrative procedure required that he apply to the city's board of permit appeals. This he failed to do, and the established rule is here applicable that one is not entitled to judicial relief until the prescribed administrative remedy is not only invoked but exhausted. . . .

''Hence, the trial court properly found that since plaintiff did not exhaust his administrative remedies he was not entitled to judicial relief.''

Since petitioner did not exhaust his administrative remedies, he is not entitled to judicial review.

No other point for reversal is made.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.