[Civ. No. 22473.   Second Dist., Div. Three.   May 20, 1958.]

CY MILLER et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Moore, Webster, Lindelof & Hughes and Prentiss Moore for Appellants.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

PATROSSO, J. pro tem.*—Appeal from a judgment denying petitioners' application for a writ of mandate to review an order of the Department of Alcoholic Beverage Control revoking petitioners' on-sale liquor license.

An accusation containing five counts was filed with the respondent department, four of which charged that petitioners sold alcoholic beverages to minors, and count V charging that petitioners permitted their licensed premises to be used as a place to which persons resorted in a drunken condition and used obscene, indecent and profane language within the hearing of the public, which created a condition contrary to public welfare and morals.

---

*Assigned by Chairman of Judicial Council.

The accusation, accompanied by a form of notice of defense, was served upon petitioners by certified mail on March 22, 1956, addressed to their licensed premises. Service of accusation in this manner is authorized by Government Code, sections 8401 and 11505, subdivision (c).

Petitioners did not file a notice of defense, and on June 4, 1956, a default hearing, at which petitioners did not appear, was held before a hearing officer of the department at which 25 police officers testified in support of the charges contained in the accusation.

After the hearing was concluded, petitioners' counsel informally requested the hearing officer to rehear the matter, which request was denied. On the same day, petitioners' counsel addressed a letter to the department requesting that the hearing be set aside and the matter reheard upon the ground that the petitioners had not received notice of the hearing. This request was likewise denied.

The hearing officer rendered a proposed decision in which counts I, III and IV were dismissed and petitioners were found guilty of the charge in count II, for permitting a minor to consume an alcoholic beverage on their licensed premises, on which count a 30-day suspension was recommended. The hearing officer also found petitioners guilty of some 22 particulars of improper conduct charged in count V and recommended that their license be revoked.

On July 5, 1956, the department adopted the proposed decision as its own, imposed a 30-day suspension under count II and revoked their license under count V. Petitioners thereupon filed a petition for reconsideration upon the ground that they had not received notice of the hearing, which petition was denied.

Petitioners thereafter filed an appeal with the Appeals Board, upon which a hearing was had and the matter argued by counsel. On January 21, 1957, the Appeals Board mailed to the parties its decision upholding the suspension under count II and reversing the revocation under count V but restricting the reversal to the question of the penalty to be imposed under this count. The Appeals Board determined that a number, but not all, of the charges set forth in count V were supported by substantial evidence and that those charges so supported were sufficient to support an order of revocation by the department. The Appeals Board in compliance with the decision in *Bonham* v. *McConnell*, 45 Cal.2d 304 [288 P.2d 502], remanded the proceedings to the depart-

ment for a reconsideration of the penalty, either upon the facts found to be true or to conduct a further hearing to substantiate all of the facts set forth in the accusation.

Petitioners did not seek a review of the decision of the Appeals Board by a proceeding in mandate but on February 25, 1957, filed with the department a petition for further hearing in which to present evidence in mitigation. No affirmative action appears to have been taken upon this application, but it was apparently denied for on March 7, 1957, without further hearing or the taking of additional evidence, the department reconsidered the penalty to be imposed under count V in the light of the decision of the Appeals Board and rendered a new decision suspending petitioners' license for 30 days on count II and revoking their license on count V.

Petitioners failed to file an appeal to the Appeals Board from this last decision and order of the department but instead, on April 11, 1957, filed this proceeding for a writ of mandate. Upon the hearing of the petition and the return by way of answer thereto, the trial court ordered the alternative writ discharged and denied a peremptory writ.

The trial court made and filed findings of fact and conclusions of law wherein, among other things, it found that petitioners did not appeal to the Appeals Board from the decision of the department rendered on March 7, 1957, revoking their license and that the 40-day period within which such an appeal could be filed had expired. From this it concluded that petitioners had failed to exhaust their administrative remedies, as a consequence of which they were not entitled to a judicial review of the order complained of. Accepting this finding as true, there can be no doubt as to the correctness of the trial court's judgment. As said by this court in *Fiscus* v. *Department Alcoholic Bev. Control* (1957), 155 Cal.App.2d 234, 236 [317 P.2d 993]:

"Prior to January 1, 1955, the agency with the power to license the sale of intoxicating liquor was the Board of Equalization. (*Marcucci* v. *Board of Equalization*, 138 Cal. App.2d 605, 608 [292 P.2d 264].) There was no appeal from its decisions. The only remedy of an aggrieved party was to file a petition in the superior court for a writ of mandate within 30 days after the order of the board became final, seeking a review in accord with section 1094.5 of the Code of Civil Procedure. Since January 1, 1955, section 22 of article XX of the Constitution, implemented by sections 23080-23091 of the Business and Professions Code, has provided for an

appeal from a decision of the department. Section 24301 of the Business and Professions Code reads:

" 'Subject to the provisions of section 22 of Article XX of the Constitution, any ruling, order, or decision of the department is subject to review as provided by law in any court of competent jurisdiction in the county in which the person affected resides.'

" 'Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and this remedy must be exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal, supra*, p. 293; *United States* v. *Superior Court*, 19 Cal.2d 189, 194 [120 P.2d 26].)

The doctrine of exhaustion of administrative remedies applies where a statute provides an administrative remedy, even though the terms of the statute do not make the exhaustion of the remedy a condition of the right to resort to the courts. (*First Nat. Bank* v. *Board of County Comrs.*, 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 784, 788-789].)' "

In *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], where the Supreme Court issued a writ of prohibition restraining the District Court of Appeal from entertaining an application for a writ of mandate to review the action of the California Employment Commission, it is said (p. 291):

"Lack of jurisdiction in the District Court of Appeal to issue its writ of mandate is clearly established when the foregoing principles are considered in connection with a settled doctrine of administrative law. The Unemployment Insurance Act, summarized above, contains a complete administrative procedure, with provision for one original determination and two appeals, fulfilling every requisite of due process of law. Until that administrative procedure has been invoked and completed, there is nothing that the District Court of Appeal or any other court may review; it cannot interfere in the intermediate stages of the proceeding. The employers have no standing to ask for judicial relief because they have not yet exhausted the remedies given them by the statute. They still have their appeal to the commission, which appeal has not yet been decided adversely to them, and prior to the prosecution of this appeal they have no right to demand an extraordinary writ from a court."

And at page 293 we find the following:

"Bearing in mind the analysis of jurisdiction which has heretofore been made, and examining the authorities dealing with the rule, we are necessarily led to the conclusion that exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts."

The foregoing rule is applicable even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds. (*United States* v. *Superior Court* (1941), 19 Cal.2d 189, 195 [120 P.2d 26].)

Petitioners, while tacitly admitting that they did not appeal to the Appeals Board from the order of revocation, nevertheless contend that the trial court's finding that no such appeal was taken is unsupported by the evidence. This, by reason of the fact that in the petition in this proceeding it is alleged "That petitioners have exhausted all remedies provided them under the Alcoholic Beverage Control Act and the Government Code and your petitioners have no plain, speedy, or adequate remedy at law or further right of appeal and no remedy under the laws of the State of California except to file this petition for Writ of Mandate," which allegation is admitted in respondents' return. They seek to support their contention in this regard by reference to those authorities in this state which declare that a finding which is contrary to a fact admitted by the pleadings, must be disregarded. (*Hibernia Sav. etc. Soc.* v. *Dickinson* (1914), 167 Cal. 616-619 [140 P. 265].) This is undoubtedly the general rule but it is inapplicable under the circumstances here. In their petition, petitioners specifically set forth all of the proceedings had and taken by them before the respondent department, and these do not include the taking of an appeal to the Appeals Board from the order of revocation sought to be reviewed herein. Moreover, the record filed with their petition, certified to be a true, correct and complete transcript of the proceedings had before the respondent department, does not disclose that any such appeal was taken. The allegation in the petition that the petitioners have exhausted all of their administrative remedies, is a mere conclusion, which is contrary to the specific facts alleged and shown to exist by the record of the proceedings had before the department. As a consequence the conclusion, being contrary to the specific facts alleged, must be disregarded. (39 Cal.Jur.2d p. 51, § 31; *Kidwell* v. *Ketler*

(1905), 146 Cal. 12, 17-18 [79 P. 514]; *Gosewisch* v. *Doran* (1911), 161 Cal. 511, 515-516 [119 P. 656, Ann.Cas. 1913D 442].) And the allegation that petitioners were without the right to appeal from the order of revocation being contrary to a fact of which the court takes judicial notice, must likewise be disregarded. (39 Cal.Jur.2d p. 35, § 22.)

As we have seen, the trial court was without jurisdiction to entertain petitioners' application for a writ of mandate to review the action of the respondent department absent the exhaustion by petitioners of their administrative remedies. Therefore, when it was made to appear to the trial court by suggestion or otherwise that petitioners had not availed themselves of the right to appeal to the Appeals Board, it became its duty to refuse to proceed further. And this despite the fact that the petitioners may have alleged by way of conclusion, which the respondents admitted, that they had exhausted their administrative remedies, for it is axiomatic that parties may not by consent confer jurisdiction over the subject matter of an action where none exists. In *People* v. *Shaw* (1927), 81 Cal.App. 312, 316 [253 P. 747], the following excerpt from 7 Ruling Case Law, p. 1043, section 75 is quoted with approval:

" 'A court will recognize want of jurisdiction over the subject matter even if no objection is made, and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case. As heretofore shown, the jurisdiction of a court over the subject matter of a cause of action must be conferred by law, and it cannot under any circumstances be conferred on a court, as such, by the consent of the parties.' "

The judgment is affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 16, 1958.