[Civ. No. 18145.    First Dist., Div. Two.    Aug. 13, 1958.]

JOE HENRY McPHERSON et al., Respondents, v. REAL ESTATE COMMISSIONER OF CALIFORNIA, Appellant.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Appellant.

J. T. Harrington for Respondents.

DOOLING, J.—This is an appeal by the Real Estate Commissioner from a judgment in mandate compelling him to set aside his orders suspending the broker's license of respondent McPherson for 30 days and the salesman's license of respondent Hawkins for 90 days. ██ Since the Real Estate Commissioner is a state officer exercising statutory powers his determination in a disciplinary proceeding is subject to a trial de novo before the superior court, in which the court is entitled to exercise its independent judgment on the evidence. (Code Civ. Proc., § 1094.5, subd. (c) ; *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20].) The trial court found that in the real estate transactions in question respondents were guilty of no conduct justifying the disciplinary action taken against them and the only question presented before us is whether there is sufficient evidence in the record to support the trial court's findings.

██ Respondent Hawkins was a licensed real estate salesman working for respondent McPherson, a licensed real estate broker. Acting for one Brewer, respondent Hawkins procured from Gee a written contract to purchase real property owned by Brewer for $17,700. Gee made a deposit of $300. Gee's contract of purchase was made conditional upon his selling a home that Gee owned in Los Altos. Hawkins testified that before the sale had been consummated Gee telephoned to Hawkins' wife and told her that he didn't like the house and wanted to get rid of it. He wanted to get his money back out of it. Hawkins talked to Gee the next day and told Gee that he would try to resell the property for him but that he would have to make a commission. Gee replied: "I don't care what you do as long as I get my $300 back." Hawkins then told Brewer that he was going to try to sell the property

again for Gee. Brewer told Hawkins that he didn't care, he had a deal with Gee and didn't care what they did with the property. Hawkins procured purchasers from Gee who paid $18,500. The transaction was handled through a title company with a deed delivered by Brewer to Gee and a deed from Gee to the second purchasers. Gee put no further money into the transaction and received back his $300 deposit, Brewer received the amount to which he was entitled under his contract with Gee and Hawkins and McPherson received their commission on the sale from Brewer to Gee and the net difference in the two selling prices, less taxes and other expenses. Brewer testified that Hawkins had told him that he was reselling the property again. "I told him I didn't care how many times he sold it, as far as I was concerned I had sold it to Mr. Gee." Brewer further testified that he was not interested in the resale price or what commission was received on the second sale, that he had no complaint against anyone and was well satisfied.

The critical finding of the Real Estate Commissioner reads: "By reason of their failure to inform said seller [Brewer] that the purchaser, Fred B. Gee, was unable to complete the purchase of said property, and by reason of their failure to inform said seller . . . that they had received another offer in the amount of $18,500, respondents, and each of them, fraudulently and unlawfully obtained, in addition to their commission of $885.00 paid to them by said seller, a secret and undisclosed profit of $639.98, to the loss and detriment of said seller."

The trial court found that this finding of the commissioner and the supporting findings on which it was based are not true.

There is ample evidence to support the trial court's findings in these particulars. Hawkins testified that Gee never told him that he would not go through with the purchase and that Gee stated that if Hawkins did not succeed in reselling the property for him he would go ahead and buy it. There is the further testimony that Hawkins told Brewer that Gee wanted him to resell the property and that Brewer replied that he did not care. Brewer told Hawkins that he was satisfied to have this done at the time and he testified at the hearing that he was still satisfied.

If, as the trial court found, it was not true that Gee was unable to complete the purchase the first finding of fraudulent conduct above quoted falls. The second finding of the com-

missioner is necessarily dependent on the first one for the following reasons: Having negotiated a binding contract of sale to Gee for his client Brewer with which Brewer was satisfied and which he had accepted respondent Hawkins had completed the services to Brewer which he had undertaken to perform. So long as Gee was able to fulfill his contract Gee in turn was legally entitled to resell the property for his own account and to employ respondent Hawkins to make such a sale for him. This according to the findings of the trial court is what was in fact done.

While a real estate salesman owes to his client the highest degree of good faith once he has secured a binding and enforceable contract with a purchaser his services to his client have been performed. No case has been cited to us holding that under such circumstances the broker breaches any duty to the first client by then undertaking in good faith to make a second sale of the same property for the purchaser.

While the evidence may have been sufficient to support the commissioner's finding that Gee was unable to complete the purchase it equally supports the finding of the trial court that Gee was ready, able and willing to perform. The trial court was entitled to exercise its independent judgment on the effect and weight of the evidence since this was a trial de novo. Appellant cites *Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581]; *Thompson* v. *City of Long Beach,* 41 Cal.2d 235 [259 P.2d 649]; and *Marcucci* v. *Board of Equalization,* 138 Cal.App.2d 605 [292 P.2d 264], to the effect that the trial court is not authorized to determine the truth or veracity of the witnesses. The first two cases dealt with local agencies and the third with a state board exercising constitutional power. Such agencies exercise judicial power which, under the decisions, is denied to a state-wide agency exercising only statutory power as here. The distinction is clearly pointed out with a citation of supporting cases in 3 Witkin, California Procedure, page 2489.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.