[Crim. No. 8110.   Second Dist., Div. Three.   Aug. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RAMON M.
MARTINEZ, Defendant and Appellant.

Ramon M. Martinez, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FORD, J.—In a trial by jury the appellant Martinez was found guilty of the crime of burglary of the second degree. He was represented by a deputy public defender. His appeal is from the judgment.

The appellant applied to this court on several occasions for the appointment of counsel to represent him on this appeal. After an independent investigation of the record, this court determined that such appointment of counsel would be neither advantageous to the appellant nor helpful to this court in the determination of the appeal. The several applications were denied. The appellant has filed an opening brief and a reply brief in which he sets forth his contentions that the evidence was insufficient to sustain his conviction, that a juror was prejudiced against him, and that he was not properly represented by the public defender. In his reply brief he also asserts that his trial occurred the day after judgment was pronounced, but the record shows that his trial was commenced and completed on October 2, 1961, and that the date of judgment was November 1, 1961.[1] That contention is apparently based upon what is obviously an error in the reporter's transcript in that the date of trial is set forth as "Monday, November 2, 1961."[2]

---

[1] The date set for the hearing of the appellant's application for probation and for sentence was October 25, 1961. Because the probation report indicated that the appellant was addicted to the use of narcotics, the matter was continued to November 1, 1961, so that a determination could be made as to whether proceedings should be undertaken pursuant to the provisions of section 6451 of the Penal Code.

[2] The appellant's position is inconsistent with the following statement in his opening brief: "The transcript is full of flaws and mistakes such as alleging that my trial was held on November 2nd, 1961 when it was held on October 2nd, 1961."

A summary of the evidence will be given. Donald R. Withers testified that he was a coowner of the business known as Canoga Park Tire Sales and Service Company which was located at 7139 Canoga Avenue in Canoga Park. On Sunday morning, April 16, 1961, he was in the building and locked the doors when he left. About 8 or 8:30 o'clock that evening he received a call and returned to the premises. Police officers were there. The glass front door, which had been broken, was "wide open." He testified: "There was papers all over the office there and the cigarette machine had been broken into and the coke machine and there was a Kiwanis gum machine on top of the coke machine and it was laying on the floor, about 20 feet out of its regular location." When he closed the building on Saturday, there was money in the cash drawer in the form of "nickels, dimes, and pennies" in a total amount of about four or five dollars, but the money was not there when he returned on Sunday evening. He did not give the appellant or his codefendant permission to enter the building.

James P. Murtha, a police officer for the City of Los Angeles, testified that at about 7:40 o'clock Sunday evening, April 16, 1961, he went to the premises of Canoga Park Tire Sales and Service Company with Officer Loveless upon receiving a radio call. After he "motioned" Officer Loveless to the rear of the building, Officer Murtha went to the front. There was a 150 or 200-watt light inside the building which was on. The door was ajar and Officer Murtha entered. He saw two persons crouched down in front of a vending machine in the building. When he yelled at them, they looked up and one spoke to the other in Spanish. They then ran towards a door, opened it and ran out. The officer went out the front door and around the side of the building. He observed the two figures running along the side of the building. He yelled, "Halt," and fired two shots. Officer Loveless stopped one of the persons. The witness then grabbed that man and told Loveless to go after the other person. Loveless did so and returned about three to five minutes later with the appellant. Officer Murtha further testified that he was able to see the faces of the two persons while he was inside the building and that one of them was the appellant. When the witness searched the appellant, he found nickels and dimes of a total amount in excess of five dollars.

Officer James W. Loveless testified that after he halted one of the men, Cornejo, he pursued the other man on foot for one

and a half to two blocks and finally caught him. When he started his pursuit, he was "probably 20, 30, maybe 45 feet" behind the fleeing man. At one time they were "probably 60 to 80 feet" apart. The officer further testified in part as follows: "Q. Did he ever leave your vision? A. No." That man was the appellant.

Henry B. Acosta, a police officer for the City of Los Angeles, testified that on April 18, 1961, he had a conversation with the appellant while en route from the jail to court. The appellant's statements were made freely and voluntarily. He said that on the night of his arrest while he and Cornejo were walking down Canoga Avenue they saw the door open, walked in, and were caught. The officer also testified that the appellant said that he had nothing to do with the breaking and entering.

The appellant testified in his own behalf. Just before his arrest he had been at the Adobe Café. He was walking towards another bar and, when he heard something, he turned around. The next thing he knew was that he was "on the floor" and one of the officers was kicking him in the ribs. He had money in the form of change in his pocket. He had collected the money from time to time in a bag at home. That evening when he went out he put the change in his pocket because he had spent his other money the night before. He denied that he made the statement as to which Officer Acosta had testified. On Sunday, April 16, he did not enter the premises of the Canoga Park Tire Shop. Those premises were two blocks away from his home. He had been convicted of a felony, forgery, in 1958.

The appellant's brother was called as a witness in his behalf. He testified that coins were kept in a bag in the appellant's bedroom at home.

The evidence was sufficient to establish that a burglary had occurred. (*People* v. *Brasher,* 159 Cal.App.2d 206 [323 P.2d 483].) With respect to the issue of identity, the statement found in *People* v. *Murphy,* 173 Cal.App.2d 367 [343 P.2d 273], at page 375, is apropos. ▮ It was there said: ". . . 'The question of identification of the perpetrator of a crime is one for determination by the trier of fact and unless the evidence of identity is so weak as to constitute no evidence at all this court cannot set aside the decision of the trial court. [Citations.] ▮ In order to sustain a conviction it is not necessary that the identification be positive or free from inconsistencies. [Citations.]' (*People* v. *Kittrelle,* 102 Cal.

App.2d 149, 154 [227 P.2d 38].) See also *People* v. *Barnett,* 159 Cal.App.2d 22, 29 [323 P.2d 96]; *People* v. *Diaz,* 160 Cal. App.2d 123, 133 [324 P.2d 887]. ██ 'In a case such as the present one, where there is positive direct testimony that the defendant was one of the perpetrators of the crime, it is incumbent upon him to show that the testimony is inherently unbelievable in order to prevail.' (*People* v. *Braun,* 14 Cal.2d 1, 5 [92 P.2d 402].) No such showing is made in the instant case.''

The appellant asserts that there were inconsistencies in the testimony of Mr. Withers. ██ But it was the province of the jury to pass upon the credibility of the witnesses and to determine the weight that should be given to their testimony. In the performance of this duty, it was the function of the jury to resolve any conflicts or inconsistencies in such testimony, including conflicts and inconsistencies, if any, in the testimony of a particular witness. (*People* v. *Alonzo,* 158 Cal.App.2d 45, 47 [322 P.2d 42].)

It appears that the appellant is asking this court to reweigh the evidence and to accept that offered on his behalf while rejecting the evidence which was offered by the prosecution. We are not at liberty to do so. ██ On this appeal the evidence must be viewed in the light most favorable to the prosecution. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

In the course of his testimony on direct examination, the appellant said that while he was at home on the night of his arrest he was ''feeling kind of low,'' and that he ''went and bought a few beers.'' He complains that, over the objection of his attorney made on the ground that it related to an immaterial matter, the following inquiry was permitted on cross-examination: ''Q. You said it was one of those days when you felt lonely. . . . [A.] I would say, well, that I was feeling that way all day.'' If it be assumed that the objection should have been sustained, it is obvious that the error was not prejudicial.

██ In his opening brief the appellant states: ''One of the jurors in my case had had her house burglarized and I am sure she acted with prejudice because in her case the burglar was never apprehended. (Not on Record).'' Aside from the fact that the record does not disclose the matter of which complaint is made and hence such matter cannot be considered on this appeal (*People* v. *Hernandez,* 150 Cal.App.2d 398, 402 [309 P.2d 969]), it is clear that the claim of prejudice is

founded only upon surmise on the part of the appellant. The contention is not based upon a fact which constitutes, in and of itself, a ground of disqualification of the particular juror in the absence of a showing of prejudice. (Cf. *State* v. *Searle,* 136 Kan. 177 [14 P.2d 636, 637].)

The appellant criticizes the manner in which his defense was conducted by the deputy public defender. The record discloses that the appellant was ably represented. The criticism is totally devoid of merit. (See *People* v. *Hughes,* 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Dupree,* 156 Cal.App.2d 60, 69 [319 P.2d 39].)

The appellant received a fair trial and there is no basis for a reversal of the judgment.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.