[No. F013804. Fifth Dist. Apr. 1, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ALLEN HOGUE, Defendant and Appellant.

**COUNSEL**

Jerome McGuire, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), J.**—In a previous appeal this court reversed appellant's conviction on one of several counts of child molestation and affirmed the convictions on the remaining counts. All of the offenses charged in the previous trial were connected together in their commission in that they were multiple sex acts upon a single victim closely connected in time. The question presented is whether the doctrine of collateral estoppel bars appellant

from contesting the issue of identity and alibi upon retrial of the count which this court previously reversed.

### THE FACTS AND PROCEEDINGS

In 1987 a jury convicted appellant, Robert Allen Hogue, of four counts: (1) kidnapping for the purpose of committing a lewd and lascivious act upon a child under 14 years of age (Pen. Code,[1] § 207, subd. (b)), (2) lewd and lascivious conduct with a child under 14 years of age by force or violence (§ 288, subd. (b)), (3) oral copulation with a child under 14 years of age by a person more than 10 years older than the victim by force or violence (§ 288a, subd. (c)), and (4) penetration with a foreign object upon a child under 14 years of age by a person more than 10 years older than the victim (§ 289, subd. (j)).

This court affirmed appellant's conviction on counts 1, 2, and 3, but reversed his conviction on count 4 because the court failed to instruct the jury of the age differential requirement of section 289, subdivision (j)—a material element of the crime.[2] (*People* v. *Sheffield* (1985) 168 Cal.App.3d 158, 164 [214 Cal.Rptr. 40].)

Following reversal, retrial of count 4 proceeded before a jury. On the first day of trial, the prosecution moved for an order precluding appellant from relitigating the issues of identity and alibi because those issues had previously been adjudicated by a jury in the first trial and resolved against appellant. Appellant objected, claiming the application of collateral estoppel would: (1) violate his constitutional right to have a jury decide every element of the crime charged; (2) violate his constitutional right of confrontation; (3) eliminate the presumption of innocence; and (4) eliminate the requirement that the prosecution prove every element of the crime beyond a reasonable doubt. The trial court granted the prosecution's motion: "The Court finds that the Defendant is collaterally estopped from raising the issue of identity and alibi at the time of the trial on the merits on this case at this time, that the issue has been litigated at length in the previous trial, it is identical to the one that is sought to be relitigated here. The previous trial resulted in a final judgment on the merits against the Defendant; and the party against whom the estoppel is being asserted—that is, the Defendant—was a party at the previous trial and had all the rights accorded to him under the constitution at that trial on that issue."

The court limited the issues to:

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] We grant respondent's request to take judicial notice of the record in the previous appeal.

"Was there penetration of the vaginal area by a foreign object.

"Was there great bodily injury.

"And, lastly, the age difference between the Defendant and the alleged victim."

In light of the court's ruling, but with his objection continuing, appellant then waived a jury and submitted the case to the court for decision. The court found appellant guilty.

## DISCUSSION

■ Collateral estoppel bars relitigation of an issue decided at a previous trial if (1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; (2) the previous trial resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial. (*People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622].)

■ The trial court concluded the issue of identity had been decided at appellant's previous trial and, since judgment on the merits of the related counts had been affirmed, the doctrine of collateral estoppel would allow the prosecution to limit the issues to be tried at appellant's second trial. We disagree.

The issue of identification decided at the previous trial was not identical to the issue of identity upon retrial of the count which this court reversed. The identity of appellant as the person who violated sections 207, subdivision (b), 288, subdivision (b) and 288a, subdivision (c) was finally decided and affirmed on the merits, but the identity of appellant as the person who violated section 289, subdivision (j) was *not* finally decided and affirmed on the merits. That conviction was reversed.

*People* v. *Ford* (1966) 65 Cal.2d 41 [52 Cal.Rptr. 228, 416 P.2d 132] held the doctrine of res judicata justified instructions that a defendant had been convicted of various felonies and that if the jury found he committed homicide in the commission of those felonies, it could return a verdict of felony murder. However, in *Ford* the issue of defendant's guilt of the underlying felonies had been tried on the merits and *affirmed* on appeal. In other words, the issue to be decided—whether the defendant committed certain felonies—merged with the judgment of conviction of those felonies. By contrast, the issue to be decided here—the identity of appellant as the person who violated section 289, subdivision (j)—did not merge with the judgment of conviction on the related counts.

In *People* v. *Majado* (1937) 22 Cal.App.2d 323 [70 P.2d 1015], the defendant was twice charged with failing to provide for his minor child. The issue was whether his conviction and judgment on the charge of failure to provide was conclusive on the question of parentage in a subsequent prosecution for failure to provide for the same child. In *Majado* the determination of whether defendant was the father of the minor child as reflected in the prior judgment was "inseparably a part of that [the prior] conviction." (22 Cal.App.2d at p. 326.) Here, the determination of identity of appellant as the person who violated section 289, subdivision (j), is not an inseparable part of the judgment of conviction on the related counts. Reversal of the conviction for violation of section 289, subdivision (j) precludes the operation of collateral estoppel regarding any issue necessary to a finding of whether appellant is guilty of that offense.

■ "If a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct. . . ." (§ 1262.)

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument, . . ." (§ 1180.)

Implicit in the statutory authority for new trial is that a criminal defendant is entitled, upon retrial, to the rights of the federal and state Constitutions which attach at the trial stage of criminal proceedings. These rights include the right to have a jury decide every element of the crime charged (*Duncan* v. *Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444]; Cal. Const., art. I, § 16), the right to be presumed innocent until the prosecution establishes by proof beyond a reasonable doubt every fact necessary to a finding of guilt (*In re Winship* (1970) 397 U.S. 358, 363-364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068]; § 1096; Evid. Code, § 520) and the right to an opportunity for effective cross-examination (*Douglas* v. *Alabama* (1965) 380 U.S. 415 [13 L.Ed.2d 934, 85 S.Ct. 1074]; *Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065]; Cal. Const., art. I, § 15). Although appellant waived these rights with respect to the "remaining issues," he was careful to preserve his constitutional rights with respect to trial on the issue of identity.

■ An essential element of any crime is, of course, that the defendant is the person who committed the offense. Identity as the perpetrator must be proved beyond a reasonable doubt. (See Evid. Code, § 520; *People* v. *Hall* (1980) 28 Cal.3d 143, 158-159 [167 Cal.Rptr. 844, 616 P.2d 826]; *People* v. *Guzman* (1975) 47 Cal.App.3d 380, 387 [121 Cal.Rptr. 69].) Appellant's right to have this essential element decided by a jury upon proof beyond a

reasonable doubt was denied, as was his right to cross-examine the witnesses testifying on the issue of his identity as the perpetrator.

Respondent argues several strong policy considerations would be furthered by application of collateral estoppel in this case since there has never been any question about appellant's identity as the person who committed all of the offenses. In *People* v. *Taylor, supra,* 12 Cal.3d 686, the court delineated three advantages to the operation of collateral estoppel in order to avoid repetitive litigation of the issue of criminal conspiracy when all but one alleged conspirator has been acquitted of conspiracy. ■ "We deem the purposes of an application of the doctrine to be: (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. [Citation.]" (12 Cal.3d at p. 695.)

However, the *Taylor* court qualified its comments about the operation of collateral estoppel in the context of criminal trials: "In deciding whether the doctrine is applicable in a particular situation a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. [Citation.]" (12 Cal.3d at p. 695.)

As stated in *Williams* v. *Superior Court* (1984) 36 Cal.3d 441, 451-452 [204 Cal.Rptr. 700, 683 P.2d 699], "Quite simply, the pursuit of judicial economy and efficiency may never be used to deny a defendant his right to a fair trial."

■ Respondent asserts appellant had a fair trial in his first trial in which the jury determined the issue of identity. However, a criminal defendant is entitled to a new trial on every issue necessary to a finding of guilt. (§ 1180.) Nothing in either the federal Constitution or state Constitution suggests the fundamental rights of a criminal defendant do not extend to a trial upon reversal of a conviction.

■ The error in applying the doctrine of collateral estoppel is not subject to a harmless error analysis under *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. In *Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101], the United States Supreme Court pointed out that errors which are not subject to *Chapman* are the exception to the rule. (478 U.S. at pp. 578-579 [92 L.Ed.2d at p. 471]): "Accordingly, if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors

that may have occurred are subject to harmless-error analysis. The thrust of the many constitutional rules governing the conduct of criminal trials is to ensure that those trials lead to fair and correct judgments. Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." (478 U.S. at p. 579 [92 L.Ed.2d at p. 471].)

However, as the California Supreme Court recognized in *People* v. *Odle* (1988) 45 Cal.3d 386 [247 Cal.Rptr. 137, 754 P.2d 184]: "The court [in *Rose* v. *Clark*] confirmed that reversal is mandated if the error necessarily rendered the trial fundamentally unfair, if it aborted the basic trial process, or denied it altogether . . . ." (45 Cal.3d at p. 413.)

We conclude the error here rendered the trial fundamentally unfair and aborted the basic trial process.

If we were to engage in a *Chapman* analysis and review the record for evidence of guilt beyond a reasonable doubt we would have to rely upon evidence of identity from the previous trial, since the issue of identity was never addressed at appellant's new trial. Such an analysis would undermine the principle that a criminal defendant, upon retrial, is entitled to have all the evidence presented anew without reference to the former verdict or findings. (§ 1180.)

### DISPOSITION

We reverse the judgment.

Best, P. J., and Buckley, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 27, 1991.