Filed 10/19/21  P. v. Weisner CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONQUIL THOMAS WEISNER,<br><br>    Defendant and Appellant. | B305747<br><br>(Los Angeles County<br>Super. Ct. No.BA382741) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded with directions.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Jonquil Thomas-Weisner[1] challenges the summary denial of his petition for resentencing under Penal Code section 1170.95.[2] Respondent Attorney General agrees with appellant that his petition stated a prima facie case and warranted the appointment of counsel. Respondent contends, however, that appellant's petition was procedurally barred by the doctrine of collateral estoppel, because it was his second petition and he failed to appeal the denial of the first.

We conclude that appellant's petition was not barred by collateral estoppel. We further agree with the parties that the petition stated a prima facie case. We reverse the order and remand for the appointment of counsel and further proceedings in accordance with section 1170.95.

## BACKGROUND

In 2013, a jury found appellant and two codefendants guilty of first degree murder (§ 187, subd. (a)), conspiracy to commit robbery (§§ 182, subd. (a), 211), and robbery (§ 211). (*People v. Weisner* (Oct. 20, 2016, B251312) [nonpub. opn.].)[3] The jury also returned true findings on gang allegations as to all three counts (§ 186.22, subd. (b)(1)(C)), and found that a principal discharged a firearm, causing great bodily injury or death during the robbery

---

[1] Appellant hyphenated his name in his petition.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] We granted appellant's request for judicial notice of the opinion and appellate record in the underlying case, No. B251312. The October 7, 2015 opinion to which appellant and respondent cite was vacated at the direction of the Supreme Court, which granted appellant's codefendants' petitions for review on unrelated issues. We cite to the October 20, 2016 opinion issued after the prior opinion was vacated.

and murder (§ 12022.53, subds. (d) & (e)(1).) (*People v. Weisner* (Oct. 20, 2016, B251312) [nonpub. opn.].) The trial court sentenced appellant to a total term of 50 years to life. (*Ibid.*) We affirmed appellant's judgment of conviction. (*Ibid.*)

On February 26, 2019, appellant filed a petition for resentencing under section 1170.95. The trial court denied the petition on March 7, 2019 without appointing counsel for appellant. Without a record, we are unable to ascertain if appellant requested counsel. The trial court provided two reasons for denying the petition. First, the trial court found that section 1170.95 and its enabling legislation, Senate Bill No. 1437 (2017-2018 Reg. Sess.), were unconstitutional. Second, after reviewing the facts of the case as set forth in our prior appellate opinion, the trial court found that appellant was ineligible for relief because he "was a major participant in this criminal undertaking and he clearly acted with reckless indifference to human life." Appellant did not appeal the trial court's March 7, 2019 order.

On February 24, 2020, appellant filed another section 1170.95 petition. On this form petition, appellant checked boxes asserting that he was convicted of murder under the felony murder rule or natural and probable consequences doctrine, that he could no longer be convicted of the crime under changes made to sections 188 and 189, that he was not the actual killer, that he did not act with the intent to kill, and that he was not a major participant in the underlying felony and did not act with reckless indifference to human life. Appellant also checked the box requesting the appointment of counsel. He attached to the petition the oral jury instructions from his trial, as well as excerpts of testimony from the reporter's transcript. The jury

3

instructions show that the jury was instructed on both the felony murder rule and the natural and probable consequences doctrine. In our previous opinion, we concluded that the natural and probable consequences instruction was improper, but "the record established that the jury based the first degree murder convictions of Weisner and [codefendant] Blackshire on a valid felony-murder theory." (*People v. Weisner* (Oct. 20, 2016, B251312) [nonpub. opn.].)

The trial court issued an order denying the petition on March 11, 2020. The order stated, in relevant part: "The court previously denied Weisner's resentencing petition on March 7, 2019. This second petition makes no new claims, and the court stands by its prior ruling. Weisner was a major participant who acted with reckless indifference to human life in the criminal enterprise which led directly to the murder of a bank security guard for his gun. Weisner helped plan the robbery, scouted for an appropriate victim, selected the victim, and influenced two younger gang members who then senselessly and needlessly killed the guard. Weisner is ineligible for sentencing relief pursuant to Penal Code §§ 1170.95 and 189(e)(3)." The trial court attached a copy of its March 7, 2019 ruling to the order.

Appellant timely appealed.

## DISCUSSION

Appellant contends that the trial court erred by summarily denying his petition without appointing counsel and holding an evidentiary hearing, because his petition stated a prima facie case and the record of conviction does not establish ineligibility as a matter of law. He also argues that the trial court erred by holding that section 1170.95 and its enabling legislation are unconstitutional. Respondent agrees with both arguments,

4

though it notes that it "does not concede that appellant is actually eligible for relief, let alone that he is entitled to relief." Respondent contends, however, that the trial court's ruling should be upheld on an alternative ground: that appellant's petition, his second, is barred by the doctrine of collateral estoppel. We address this latter, threshold issue first.

Collateral estoppel, also known as issue preclusion, precludes the relitigation of issues argued and decided in previous proceedings. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 (*Lucido*); see also *People v. Barragan* (2004) 32 Cal.4th 236, 252-253.) The doctrine exists to advance three primary policies: "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." (*Lucido*, *supra*, 51 Cal.3d at p. 343.) It may be applied when five criteria are satisfied: "1) the issue to be precluded must be identical to that decided in the prior proceeding; 2) the issue must have actually been litigated at that time; 3) the issue must have been necessarily decided; 4) the decision in the prior proceeding must be final and on the merits; and 5) the party against whom preclusion is sought must be in privity with the party to the former proceeding." (*People v. Garcia* (2006) 39 Cal.4th 1070, 1077; see also *Lucido*, *supra*, 51 Cal.3d at p. 341.) The party seeking to apply collateral estoppel bears the burden of showing these criteria are met. (*Lucido*, *supra*, 51 Cal.3d at p. 341.)

Respondent argues that it has met that burden here; appellant responds that it has not. We need not resolve this dispute, because we agree with appellant that, even if the requirements are met, the policy considerations underlying the

5

doctrine of collateral estoppel are outweighed by other factors here.  (See *Lucido*, *supra*, 51 Cal.3d at pp. 342-343.)

"Collateral estoppel is not an inflexible, universally applicable principle; policy considerations may limit its use where the limitation on relitigation underpinnings of the doctrine are [*sic*] outweighed by other factors."  (*Jackson v. City of Sacramento* (1981) 117 Cal.App.3d 596, 603.)  Its application may be limited where the doctrine is inconsistent with principles of due process and sound judicial policy.  (See *Gutierrez v. Superior Court* (1994) 24 Cal.App.4th 153, 169.)  This is particularly true in criminal cases, where even the United States Supreme Court has recognized that collateral estoppel "is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality."  (*Ashe v. Swenson* (1970) 397 U.S. 436, 444.)  "'Quite simply, the pursuit of judicial economy and efficiency may never be used to deny a defendant his right to a fair trial.'"  (*People v. Hogue* (1991) 228 Cal.App.3d 1500, 1506.)

The Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 added section 1170.95 to the Penal Code to provide "a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief."  (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Section 1170.95 was intended to be ameliorative, and our Supreme Court

6

recently held that the threshold at which a petitioner is entitled to the appointment of counsel and proceedings on the merits of his or her petition is low: all that is required is a facially sufficient petition. (See *id.* at p. 970.)

Appellant filed his first petition on February 26, 2019, less than two months after section 1170.95 took effect. He filed the petition without the assistance of counsel; because the petition is not in the record, we do not know if it was facially sufficient or if appellant requested counsel therein. We do know, however, that the trial court summarily denied the petition without appointing counsel. It is unclear whether appellant properly was made aware of the denial; as appellant points out, the record does not contain a proof of service of the order denying the first petition. Appellant subsequently filed the instant petition, which respondent agrees is facially sufficient. There is no indication that appellant intended to be vexatious or redundant, or sought to waste judicial resources in connection with his second petition, which appears to be a good faith effort to seek ameliorative relief to which respondent agrees he may be entitled.

Indeed, appellant supplemented the second petition with transcript excerpts and the jury instructions from his trial in an effort to demonstrate his entitlement to relief—and timely appealed from the order of which it is clear he was given notice. On these particular facts, and in light of the Legislature's expressed intent to provide sentencing relief to defendants who may be potentially eligible under section 1170.95, and the Supreme Court's clear intent to ensure that such defendants with potentially valid claims are appointed counsel and heard on the merits, we conclude that application of collateral estoppel here

7

would be inconsistent with the interests of justice and sound judicial policy.[4]

We accordingly proceed to the merits of appellant's claims. As noted above, respondent agrees with appellant's contention that the trial court erred by denying his petition on constitutional grounds. We concur. Every appellate court to consider the issue has determined that Senate Bill No. 1437 and section 1170.95 are constitutional, and we agree with these rulings. (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300, 308-314; *People v. Superior Court of San Diego County (Gooden)* (2019) 42 Cal.App.5th 270, 279-290; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250-267.)

We also agree with the parties that the instant petition was facially sufficient and that the appointment of counsel and further proceedings are required. As the Supreme Court explained in *Lewis, supra*, 11 Cal.5th at pp. 959-960: "Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or

_____

[4] We note that section 1170.95, subdivision (b)(2) expressly contemplates that a petitioner may file a second petition if his or her first petition omits certain information required by the statute. While it does not appear that appellant's first petition was denied on this basis, this provision further evinces the Legislature's intent that technical errors do not prevent petitioners from pursuing relief.

8

second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)-(3); see also § 1170.95 subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).)" The trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions" of section 1170.95. (§ 1170.95, subd. (c).) This review is a limited one; if the petition is facially sufficient, the trial court must appoint counsel if requested. (*Lewis*, *supra*, 11 Cal.5th at p. 961.) "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis*, *supra*, 11 Cal.5th at p. 957.) If so, the court must issue an order to show cause and provide the parties with an opportunity for an evidentiary hearing. (§ 1170.95, subds. (c), (d).)

There is no dispute that appellant met the pleading requirements and requested counsel. The trial court accordingly should have appointed counsel for appellant and ordered the prosecution to respond to his petition. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 957, 970-971.) The trial court should not have reviewed the record of conviction and made a factual finding that appellant was a major participant who acted with reckless indifference. (*Lewis*, *supra*, 11 Cal.5th at pp. 972, 974; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980; overruled in part by *Lewis, supra,* at p. 963.) This type of factual finding may not made be until after the evidentiary hearing prescribed in

9

section 1170.95, subdivision (d).  (*People v. Drayton, supra*, 47 Cal.App.5th at p. 982.)

When a trial court erroneously fails to appoint counsel in section 1170.95 proceedings, we consider whether the error was harmless using the test set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836.  (*Lewis, supra*, 11 Cal.5th at pp. 973-974.)  Here, as respondent recognizes, appellant's petition is potentially meritorious and warrants further proceedings.  Thus, the error was not harmless, as there is a reasonable probability that appellant's petition would not have been summarily denied had he been appointed counsel.

## DISPOSITION

The order summarily denying appellant's section 1170.95 petition is reversed.  The matter is remanded with directions to appoint counsel for petitioner, issue an order to show cause, and to proceed consistent with section 1170.95, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, ACTING P.J.

CURREY, J.

10