Filed 7/20/23  In re L.N. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re L.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B322094 (Super. Ct. No. YJ40799) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. L.N., Defendant and Appellant. | |

L.N. appeals after the juvenile court sustained an allegation that he committed second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)) with several accomplices.  He contends there was insufficient evidence to identify him as one of the perpetrators of the robbery.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In December 2021, while investigating a drive-by shooting, Los Angeles police officer Simon Beal learned that a robbery had

been committed at a nearby shoe store.  Officer Beal watched surveillance footage, which showed seven perpetrators leaving the store with stolen items.  Some of the perpetrators knocked an employee down as they fled.

Officer Beal identified L.N. as one of the shoe store robbers, and Angel Torres as another.  He recognized the two as members of a criminal street gang.  Officer Beal believed L.N. was one of only three or four Hispanic members of the 50-person gang, about half of whom he could identify.  Every time Officer Beal had seen L.N. he was with other gang members.

L.N. wore a mask covering the lower half of his face during the robbery.  Officer Beal was nevertheless able to identify him based on what he could see of L.N.'s face, his "distinctive style of walking," and his "limp" gait.  L.N. also had a slender build and "very pale[,] very light" complexion.  He was taller and thinner than the other Hispanic gang members.

After watching the surveillance footage, Officer Beal learned that L.N. was wanted in conjunction with the shoe store robbery.  He arrested L.N. two months later in a "stronghold" of his neighborhood gang.

Prosecutors played the surveillance footage at the jurisdictional hearing.  The juvenile court watched the footage and noted that it showed "something" on L.N.'s left hand.  L.N.'s left hand has "distinctive tattoos."

DISCUSSION

L.N. contends we should vacate the finding that he robbed the shoe store because there was insufficient evidence that he was one of the robbery's perpetrators.  We disagree.

"An essential element of any crime is . . . that the [accused] is the person who committed the offense."  (*People v. Hogue*

(1991) 228 Cal.App.3d 1500, 1505.) "Identity as the perpetrator must be proved beyond a reasonable doubt." (*Ibid.*) We will uphold a juvenile court's finding that prosecutors met this burden of proof if supported by substantial evidence. (*People v. Cuevas* (1995) 12 Cal.4th 252, 257 (*Cuevas*).)

" '[W]e review the whole record in the light most favorable to the [juvenile court's findings] to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find' " beyond a reasonable doubt that L.N. was one of the shoe store robbers. (*People v. Cravens* (2012) 53 Cal.4th 500, 507.) When undertaking our review, we neither evaluate witness credibility nor resolve evidentiary conflicts (*People v. Manibusan* (2013) 58 Cal.4th 40, 87); such tasks are within the exclusive province of the trier of fact (*People v. Young* (2005) 34 Cal.4th 1149, 1181 (*Young*)). So long as "the circumstances reasonably justify the [juvenile court's] findings, reversal . . . is not warranted simply because the circumstances might also . . . be reconciled with a contrary finding." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

The circumstances here reasonably justify the juvenile court's finding that L.N. was one of the perpetrators of the shoe store robbery. Officer Beal recognized L.N.'s face, skin color, slender build, and walk in the surveillance footage. The identity of a perpetrator may be established by such characteristics. (*People v. Mohamed* (2011) 201 Cal.App.4th 515, 522 (*Mohamed*).) The officer also knew L.N. prior to the robbery. Such familiarity supports the determination that Officer Beal's identification was reliable. (*Cuevas*, *supra*, 12 Cal.4th at p. 267.)

3

Other evidence corroborated Officer Beal's identification. Officer Beal identified L.N. in the surveillance footage prior to learning that he was wanted in conjunction with the shoe store robbery. The footage showed L.N. with at least one fellow gang member during the robbery, which was consistent with the officer's prior encounters with L.N. The footage also showed "something" on L.N.'s left hand, a hand that has "distinctive tattoos." Such corroboration reinforces the reliability of Officer Beal's identification. (*Cuevas*, *supra*, 12 Cal.4th at p. 267.)

L.N. counters that Officer Beal's inability to recognize anyone other than him and Torres in the surveillance footage undermines the reliability of the officer's identification because it contradicts his claim that he was familiar with L.N.'s fellow gang members. L.N. also speculates that he may not have been the only light-skinned Hispanic member of his gang, or perhaps not the only one with a "distinctive style of walking" and "limp" gait, which suggests that Officer Beal guessed as to his identity.

But these assertions ignore that " ' "it is not necessary that [an] identification be positive or free from inconsistencies" ' " for us to uphold a finding that a minor committed an offense. (*People v. Martinez* (1962) 206 Cal.App.2d 809, 812.) Such matters " 'go to the weight of the evidence and the credibility of the witnesses,' " which are issues to be resolved by the trier of fact. (*Mohamed*, *supra*, 201 Cal.App.4th at p. 522.) As an appellate court, we will reject an identification only when the evidence underlying it is so unreliable that it "constitute[s] practically no evidence at all." (*People v. Lindsay* (1964) 227 Cal.App.2d 482, 493.) Here, there was " ' "positive[,] direct testimony" ' " that L.N. was one of the perpetrators of the shoe store robbery. (*Martinez*, at p. 813.) " ' "It was thus incumbent

upon him to show that [Officer Beal's] testimony [was] inherently unbelievable in order to prevail." ' " (*Ibid.*; see also *Young, supra*, 34 Cal.4th at p. 1181 [testimony of single witness sufficient to uphold conviction].)  He has not done so.

DISPOSITION

The juvenile court's jurisdictional and dispositional orders, entered June 20 and July 26, 2022, are affirmed.

<u>NOT TO BE PUBLISHED.</u>

                                            BALTODANO, J.

We concur:


GILBERT, P. J.


CODY, J.

J. Christopher Smith and Brian C. Yep, Judges

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.